**Tim MOORE, Appellant (Defendant below),**

v.

**STATE of Indiana, Appellee (Plaintiff below).**

**No. 878S159.**

Supreme Court of Indiana.

Aug. 31, 1979.

R. Cordell Funk, Hammond, for appellant.

Theodore L. Sendak, Atty. Gen., Richard C. Webster, Deputy Atty. Gen., Indianapolis, for appellee.

HUNTER, Justice.

Defendant, Tim Moore, was convicted by a jury of rape, a class A felony, Ind.Code § 35–42–4–1 (Burns 1979), and was sentenced to a determinate term of twenty years' imprisonment. On appeal, defendant raises only the issue of whether the trial court erred in granting the state's motion in limine and thereafter attempting to conceal the prosecutrix's visibly pregnant condition.

Evidence adduced at trial showed that defendant raped Falise Bronston on November 8, 1977. The trial commenced on April 20, 1978, more than five months after the crime. At the time of trial Ms. Bronston was six months pregnant. The state filed a motion in limine, stipulating that Ms. Bronston was pregnant by one Anthony Lawrence Scott, a person other than the defendant, and a state's witness. The state requested that the trial court admonish the defense counsel to refrain from referring to the pregnancy or prior sexual conduct between Ms. Bronston and Mr. Scott. The state based its motion on Indiana's Rape Shield Law, West's Ann.Ind.Code § 35–1–32.5–1 (1978). Defendant simply opposed the motion and did not move to continue the trial until after the birth of the child. The defense could have employed this procedure at the time the motion in limine was granted, well in advance of trial, and eliminated any potential problem altogether.

After granting the motion in limine, the trial court took great care to keep the fact of Falise Bronston's pregnancy from the jury. Falise was seated close to the prosecutor's counsel table with a coat over her lap at one point in the trial. She never stood up in the presence of the jury. The jury was excused whenever Falise had to leave or enter the courtroom—at least five different occasions during the trial. The court did not allude in any way to the reason why the jury was being excused. When she took the stand, Falise was sworn in, then the jury was brought into the courtroom and the judge told them that she had already taken the oath. The first time the judge excused the jury for the purpose of Falise's exit, he said:

"Now, there will be a number of questions in your mind about what is going on. That occurs in every trial. We can't give you an explanation now. Keep these in the back of your mind and at the end of jury service, all your questions will be answered.

"I am sure it will be to your satisfaction. I see some questions on some of your faces. Don't worry about it until—I will tell you what happened after it is all over and the reasons why it is being done the way it is. All right."

After the jury returned its verdict, the judge explained the extraordinary procedures in this case and revealed the fact of Ms. Bronston's pregnancy.

Indiana's Rape Shield Law, West's Ann. Ind.Code § 35–1–32.5–1 (1978) provides:

"In a prosecution for a sex crime as defined in IC 35–42–4, evidence of the victim's past sexual conduct, opinion evi-

dence of the victim's past sexual conduct, and reputation evidence of the victim's past sexual conduct, may not be admitted, nor may reference be made thereto in the presence of the jury, except as provided in this chapter."

The law provides two exceptions to this rule: evidence of past sexual conduct with the defendant and evidence that someone else committed the crime in question. West's Ann.Ind.Code § 35–1–32.5–2 (1978).

■ Defendant argues that the application of the Rape Shield Law in the case at bar denied him a fair trial. He claims that he should have been allowed to cross-examine state's witnesses to reveal the victim's pregnancy and the fact that defendant was not the perpetrator thereof or, in the alternative, the judge should have appropriately advised the jury of these facts by way of instruction.

Any evidence of the victim's past sexual conduct, including the fact of this victim's pregnancy, would be inadmissible. West's Ann.Ind.Code § 35–1–32.5–1. Therefore, defendant's efforts to bring Ms. Bronston's pregnancy and the origin thereof to the attention of the jury were improper.

Defendant claims that Falise Bronston's "obvious" and unexplained pregnancy prejudiced the jury and denied him a fair and impartial trial. However, the record does not disclose that the pregnancy was "obvious." Defendant asserts that the trial court's procedures employed in concealing the victim's pregnancy actually drew attention to her condition. He argues that the method of swearing in Falise was different from the procedure used when other witnesses took their oaths standing and in the presence of the jury. Defendant claims that the jurors would naturally be curious about why the victim was treated differently and points to a note to the judge in which one juror asked to see Falise stand as evidence of the jury's curiosity in this regard.

■ Defendant's allegation of error demands an assumption that the jurors were aware of Ms. Bronston's pregnancy. There is no evidence in the record showing what the jury thought. There never is. However, we would be speculating to say that the jury became aware of the victim's pregnancy. The trial judge was present at all times and had the opportunity to observe the prosecutrix and the jury at trial. He apparently found no prejudice to the defendant in denying the motion to correct errors. Furthermore, while defendant did object to the court's efforts to conceal the pregnancy, defendant did not offer any suggestion as to how the trial court might better conceal the pregnancy despite the court's request that he do so. And defendant did not ask to examine juror number twelve to determine why that juror asked to see Ms. Bronston stand. It is the duty of the party alleging error to present this Court with a proper record. *Buchanan v. State*, (1975) 263 Ind. 360, 332 N.E.2d 213; *Pulliam v. State*, (1976) 264 Ind. 381, 345 N.E.2d 229.

If defendant had established direct evidence that one or more jurors became aware of the victim's pregnant condition, we would reach a different result here. However, it appears from the record that had such evidence been before the trial court the judge would have taken some action to correct the situation. Before the trial the following exchange took place:

BY THE COURT [to Falise Bronston]: "Okay. Now, you are to remain seated through the whole proceedings even though the bailiff may say everyone rise, okay? And the purpose for this is not to bring to the attention to the jury that the complaining witness is pregnant because it then creates all kinds of problems as far as the rape shield law is concerned, okay?"

BY [MR. SCHNEIDER]: "Well, for purposes of the record, I would like to make my objection because I think something like this, it is a touchy question all the way around and I think if one of the jurors may notice the condition, that will have prejudicial effect upon the defendant."

BY THE COURT: "All right, we are going to have to deal with it, if it arises.

All I can do is adopt some kind of procedure which will make it unlikely to arise.

"If it does arise, we will deal with that if and when it occurs, but if you have any alternate suggestion, I would be delighted to implement them."

BY MR. SCHNEIDER: "I have none at this time."

■ If the trial court would have denied the state's motion in limine, the Rape Shield Law would have been violated. The purpose of Indiana's Rape Shield Law is to "shield victims of sex crimes from a general inquiry into a history of their sexual conduct" and to keep these victims from feeling that they are on trial. West's Ann.Ind. Code § 35–1–32.5–1 (1978) (commentary, p. 708). That purpose has been served in the case at bar. This Court has never construed this statute as not being applicable to a case in which the victim is pregnant. We do not find that wisdom dictates such a construction in this case.

■ Neither the spirit nor the letter of the rape shield law would have suffered if the trial had been continued, the best solution to the problem in this case. Since defendant elected to stand trial when the prosecutrix was pregnant, he cannot now claim prejudice without evidence that the jury was aware of the pregnant condition of the victim.

For all the foregoing reasons, there was no trial court error and the judgment of the trial court should be affirmed.

Judgment affirmed.

GIVAN, C. J., and DeBRULER, PRENTICE and PIVARNIK, JJ., concur.