David Martin McCORMICK, Appellant
(Defendant Below),

v.

The STATE of Indiana, Appellee
(Plaintiff Below).

No. 3–1078A284.

Court of Appeals of Indiana,
Third District.

Oct. 24, 1979.

Dennis R. Kramer, Crown Point, for appellant.

Theodore L. Sendak, Atty. Gen., Gordon E. White, Jr., Deputy Atty. Gen., Indianapolis, for appellee.

STATON, Judge.

A jury found David Martin McCormick guilty of Rape. He was sentenced to the custody of the Indiana Department of Corrections and ordered to serve eight (8) years in a medium security facility. The sole issue presented for review is whether the trial court erred when it denied McCormick's Motion to Correct Errors which alleged that the evidence was insufficient to prove the essential element of penetration.

The judgment of the trial court is affirmed.

The pertinent evidence most favorable to the State reveals that on the evening of March 9, 1978, a fourteen-year-old girl ("the victim") was walking alone on a sidewalk in Hammond, Indiana. A car drove by and sounded its horn as it passed. The victim observed that the car's occupants were two men whom she did not recognize. The car returned a short time later. One man got out of the car and started walking behind the victim while the car trailed. After a few minutes, the door of the car opened; the victim was ordered to "get in and be quiet" and was pushed inside. McCormick was driving the car which stopped by a house. The victim was forced to enter the house. While the victim was seated on a couch with the other man McCormick blew smoke from a marijuana cigarette in her face.

McCormick and the other man then took the victim over to a bed. McCormick started kissing her as she struggled while the other man attempted to pull her pants off. The victim told them that she needed to go to the washroom. McCormick escorted her to the bathroom and held her hand while she was in there. When they returned from the bathroom, the other man removed her pants and panties. The victim testified that McCormick left the room while the other man "had sex" with her. The victim tried to escape when the man was finished. McCormick caught her, took her over to a couch, and ordered her to remove her blouse and shoes. The victim testified that McCormick then "had sex" with her. McCormick left the room when he was done. The victim hurriedly donned most of her clothes and escaped from the house. She ran to the nearby house of a girlfriend and notified the police.

The victim was taken to a hospital for an examination. McCormick and the State stipulated at trial to what the testimony of the examining physician would be regarding the results of a vaginal smear. The results indicated the presence of sperm in the victim's vagina.

A forensic urologist testified that he had conducted an examination of a yellow stain found on the crotch of the pants the victim had been wearing. The test indicated the presence of sperm.

During direct examination by the State, the victim, who was fifteen years old at that time, testified as follows:

"Q. Now, [victim], you are going to be a sophomore in high school, is that correct?

"A. Yes.

"Q. During your studies in high school, have you had any courses or any classes in sex education?

"A. Yes.

"Q. And you are familiar with the act of intercourse, is that correct?

"A. Yes.

"Q. It is your testimony today, the passenger did in fact have intercourse with you on March 9, 1978?

"A. Yes.

\*    \*    \*    \*    \*    \*

"Q. After you took your shoes off, what happened then?

"A. Then he [McCormick] took me on the couch and had sex with me.

"Q. I am sorry, I didn't hear.

"A. And had sex with me.

   *     *     *.     *     *     *

"BY THE WITNESS:
"A. He [McCormick] told me that he loved me and that everything would be all right.
"BY MR. OLSZEWSKI:
"Q. And during this act of sex, what if anything were you doing, [victim]?
"A. Struggling.
"Q. And do you recall approximately how long the act of intercourse took place with the defendant while you were on the couch?
"A. 2 or 3 minutes."

The State did not attempt to elicit any additional testimony from her regarding the physical aspects of the acts involved.

McCormick contends that the State failed in its burden of presenting evidence of the elements essential to establish that a rape occurred. Specifically, he points to the lack of testimony by the victim that his penis penetrated her vagina.

The requirement of vaginal penetration by a penis as an element of the crime of rape was retained in the revised penal code. Ind.Code Ann. § 35–42–4–1 (West 1978) provides:

"(a) A person who knowingly or intentionally has sexual intercourse with a member of the opposite sex when:
"(1) [t]he other person is compelled by force or imminent threat of force;
"(2) [t]he other person is unaware that the sexual intercourse is occurring; or
"(3) [t]he other person is so mentally disabled or deficient that consent to sexual intercourse cannot be given;
commits rape, a Class B felony. However, the offense is a Class A felony if it is committed by using or threatening the use of deadly force, or while armed with a deadly weapon."

"'Sexual intercourse' is defined at Ind. Code Ann. § 35–41–1–2 (West 1978):
"'Sexual intercourse' means an act that includes any penetration of the female sex organ by the male sex organ."

■ Penetration, no matter how slight, is an essential element of the crime of rape. *Lynch v. State* (1974), 262 Ind. 360, 316 N.E.2d 372. Circumstantial evidence may be used to prove that penetration existed. *Weaver v. State* (1963), 243 Ind. 560, 187 N.E.2d 485. Whether or not penetration occurred is a question of fact to be determined by the jury. *Hall v. State* (1975), Ind.App., 333 N.E.2d 913.

■ It is well established in Indiana that the uncorroborated testimony of the victim of a rape is sufficient evidence to support the conviction of her alleged assailant. *Lynch v. State, supra.*

■ When reviewing the sufficiency of the evidence, we may not weigh the evidence nor decide questions concerning the credibility of witnesses. We must look to the evidence most favorable to the State and all reasonable inferences to be drawn therefrom and determine whether there is substantial evidence of probative value from which the trier of fact could reasonably infer that the defendant was guilty beyond a reasonable doubt. *Lynch v. State, supra; Hall v. State, supra.*

McCormick cites *Sizemore v. State* (1979), Ind.App., 384 N.E.2d 1152 (transfer pending) in support of his position that there must be direct testimony of penetration by a penis. In *Sizemore* no evidence was introduced to indicate the presence of sperm in the victim's vagina. Thus, it is distinguishable from the facts in the instant case.

■ The victim testified that she was familiar with the act of intercourse from a class in sex education and that McCormick had sex with her.[1] On cross-examination,

---

1. The victim used the term "had sex with me" several times in her testimony. Whether this term includes penetration may depend upon its use in the English language. *Random House Dictionary of the English Language* 1307 (unabr. ed. 1969), defines the term "to

have sex" as to engage in sexual intercourse. Ind.Code Ann. § 35–42–4–1, set out above, defines rape in terms of "sexual intercourse". When the statutory definition of "sexual intercourse" is examined (§ 35–41–1–2, set out above), it appears that the element of pene-

McCormick did not question her regarding the physical aspects of sexual intercourse. Although the victim's testimony is devoid of any reference to physical anatomy, it is corroborated by the stipulated medical evidence indicating the presence of sperm in her vagina. *Hall v. State, supra.* The jury also heard testimony that McCormick had access to her, that force was used, and that the urologist found sperm in the crotch of her pants.

From our review of the record, we conclude that the jury was presented sufficient evidence of probative value from which it could find beyond a reasonable doubt that penetration occurred.

Judgment affirmed.

GARRARD, P. J., and HOFFMAN, J., concur.

tration is included within the use of both terms.

Although the evidentiary presentation by the prosecution was technically correct, this argument could have been avoided on appeal if more specific information had been elicited from the victim. For instance, in *Dobrzykowski v. State* (1978), Ind., 382 N.E.2d 170, the 12-year-old victim of a rape testified that she knew what the terms "penis", "vagina", and "penetration" meant from a health class.