Everett "Red" PAGE, Jr., Appellant (Defendant Below),

v.

STATE of Indiana, Appellee (Plaintiff Below).

No. 1179S327.

Supreme Court of Indiana.

Oct. 7, 1980.

Dennis Brinkmeyer, Evansville, for appellant.

Theodore L. Sendak, Atty. Gen., Janis L. Summers, Deputy Atty. Gen., Indianapolis, for appellee.

PRENTICE, Justice.

Defendant (Appellant) was convicted in a jury trial of Rape, a Class B Felony, Ind. Code § 35–42–4–1(a)(1) (Burns 1979), and

sentenced to fourteen (14) years imprisonment. His direct appeal presents the following issues for our determination:

(1) Whether the trial court erred in determining that the victim was a competent witness.

(2) Whether the trial court erred in appointing a psychologist, rather than a psychiatrist, to examine the victim for competency and psychiatric purposes.

(3) Whether the trial court erred in denying the defendant's motion for judgment on the evidence.

(4) Whether the evidence was sufficient to support the conviction.

(5) Whether the trial court erred in denying the defendant's motion for a mistrial based upon impermissible, prosecutorial remarks.

\* \* \* \* \* \*

## ISSUE I

The victim in this case was twelve (12) years old at the time of the crime, and thirteen (13) years old at the time of the trial. However, she was mentally retarded, having a mental age of five and one–half (5½) years. Because of this, the defendant contends that the trial court erred in determining that the victim was competent to testify. The competency determination was made following a full evidentiary hearing.

Ind.Code § 34–1–14–5 (Burns 1980) provides that children under ten (10) years of age shall not be competent witnesses, unless it appears that they understand the nature and obligation of an oath. Thus, we have held that any person ten (10) years of age or older is competent to testify, unless the defendant can establish that the person is not so competent. *Jethroe v. State*, (1974) 262 Ind. 505, 509, 319 N.E.2d 133, 136. The defendant in no manner met that burden in the instant case. Moreover, even if we were to view the victim as being less than ten (10) years of age because of her mental age, the competency determination lay within the trial court's discretion. There is no basis for disturbing a competency determination when the evidence is susceptible to conflicting inferences and when

the trial court has had the opportunity to observe the demeanor of the witness. *Lewis v. State*, (1976) 264 Ind. 288, 342 N.E.2d 859. Accordingly, we will not disturb the trial court's determination that the victim was competent to testify.

## ISSUE II

The defendant next contends that the trial court erred in appointing a psychologist, rather than a psychiatrist, to examine the victim. Apparently, the examination was for competency, as well as psychiatric reasons. The contention is without merit.

We have held in the past that a defendant has no right, in a sex offense case, to subject the victim to a psychiatric examination. *Holder v. State*, (1979) Ind., 396 N.E.2d 112, 113; *Easterday v. State*, (1970) 254 Ind. 13, 16–17, 256 N.E.2d 901, 903. There being no right to the examination, it follows that there is no right to have a psychiatrist, rather than a psychologist, perform the examination when one is ordered. Rather, this was an instance of a trial court's exercising its discretion to obtain the assistance it deemed necessary in a given case.

Finally, the record does not contain an objection by the defendant to the testimony of the psychologist. It is fundamental that one can not assign error for the first time on appeal. *Gee v. State*, (1979) Ind., 389 N.E.2d 303; *Bell v. State*, (1977) 267 Ind. 1, 366 N.E.2d 1156.

## ISSUES III & IV

The defendant contends that the trial court erred in denying his motion for judgment on the evidence. The defendant also contends that the evidence was insufficient to support the conviction. We find both contentions to be without merit.

In order for the State to avoid a judgment on the evidence, a mere *prima facie* case must be demonstrated. In other words, a judgment on the evidence is appropriate only where there is an absence of evidence upon some essential element or if

the evidence is without conflict and is susceptible to but one inference which inference is in favor of the accused. *Mendez v. State*, (1977) 267 Ind. 67, 72, 367 N.E.2d 1081, 1084. Here, the evidence was such as to make out a *prima facie* case.

■ The victim's mother testified that she and the victim resided in an apartment in Mount Vernon. Two witnesses testified that the defendant ordered them to leave that apartment soon after the victim's mother went out to get dinner. The two witnesses also testified that they heard the victim screaming shortly after their departure. The victim testified that the defendant "stuck his weenie in my cookie." Finally, there was medical testimony that the victim sustained physical trauma in her vaginal area.

On appeal, we neither weigh the evidence, nor determine the credibility of witnesses. Rather, we examine only the evidence and the reasonable inferences therefrom which support the verdict, and if the evidence and inferences would permit a reasonable trier of fact to find the existence of each element of the crime, beyond a reasonable doubt, the verdict will not be disturbed. *Pine v. State*, (1980) Ind., 408 N.E.2d 1271; *Baum v. State*, (1976) 264 Ind. 421, 345 N.E.2d 831.

■ Normally, the testimony of the victim is in itself sufficient to support a rape conviction. *E. g., Riddle v. State*, (1980) Ind., 402 N.E.2d 958; *Haskett v. State*, (1979) Ind., 395 N.E.2d 229. However, in light of the victim's mental deficiency in the case at bar, we would be extremely hesitant to sustain the conviction if hers was the sole damning evidence. It was not; there was medical, as well as lay testimony, corroborating the victim's testimony. Also, while her testimony was the only direct evidence of penetration, penetration need not be so proved; circumstantial evidence will suffice. *See Sizemore v. State*, (1979) Ind., 395 N.E.2d 783; *Allbritten v. State*, (1974) 262 Ind. 452, 317 N.E.2d 854. *See also Grey v. State*, (1980) Ind., 404 N.E.2d 1348. Thus, there was sufficient evidence to support the verdict.

## ISSUE V

■ The defendant's final contention is that the trial court erred in denying his motion for a mistrial. During final argument, the defendant took exception to certain prosecutorial remarks and objected. The objection was sustained and the defendant moved for a mistrial. The motion was denied, but the trial court admonished the jury to disregard the pertinent remarks. The defendant asserts that a mistrial should have been declared because he was placed in a *position of grave peril*. We do not agree.

■ In the first place, an admonition is ordinarily presumed to cure the error, if, in fact, any occurred. *Schalkle v. State*, (1979) Ind., 396 N.E.2d 384; *Hoskins v. State*, (1978) 268 Ind. 290, 375 N.E.2d 191. Secondly, we have considered the prosecutor's remarks, in context, and find them to be relatively innocuous. Thus, it was not error for the trial court to deny the mistrial motion.

## SUA SPONTE ISSUE

The offense of which Defendant was convicted is a Class "B" Felony, for which the statute prescribes a basic sentence of ten (10) years to which the trial judge may in his discretion add up to ten (10) additional years for aggravating circumstances. Ind. Code § 35–50–2–5 (Burns 1979).

Ind.Code § 35–4.1–4–3 (Burns § 35–50–1A–3) requires the trial court to make a record of the sentencing hearing, including " * * * a statement of the court's reasons for selecting the sentence that it imposes," if it finds aggravating circumstances. The purpose of such statute is to confine the judge to proper grounds for either increasing or decreasing the presumptive or basic sentence provided for the offense and to enable this Court to determine the reasonableness of the sentence imposed, under the circumstances.

" * * * when a judge increases or decreases the basic sentence, suspends the sentence, or imposes consecutive terms of

imprisonment, the record should disclose what factors were considered by the judge to be mitigating or aggravating circumstances. The scope of review for sentences is now defined within our Rules for the Appellate Review of Sentences: '2(1) The reviewing court will not revise a sentence authorized by statute except where such sentence is manifestly unreasonable in light of the nature of the offense and the character of the offender.'" *Gardner v. State*, (1979) Ind., 388 N.E.2d 513, 517.

The sentencing record before us contains no statement concerning aggravating circumstances to support the imposition of the enhanced sentence, as required by the statute. The cause is remanded, therefore, with instructions that the trial court enter his findings, if any, supporting the enhanced sentence or, in the alternative, reduce Defendant's sentence to the basic term of ten (10) years.

In all other respects the judgment of the trial court is affirmed.

GIVAN, C. J., and DeBRULER, HUNTER and PIVARNIK, JJ., concur.