**Carl LEWIS, Appellant (Defendant below),**

v.

**STATE of Indiana, Appellee (Plaintiff below).**

No. 482S132.

Supreme Court of Indiana.

July 18, 1983.

Timothy R. Dodd, Evansville, for appellant.

Linley E. Pearson, Atty. Gen., John D. Shuman, Deputy Atty. Gen., Indianapolis, for appellee.

HUNTER, Justice.

Defendant, Carl Lewis, was convicted by a jury of attempted rape, Ind.Code §§ 35–42–4–1, 35–41–5–1 (Burns 1979 Repl.) and was sentenced to fifteen years' imprisonment. His direct appeal raises six issues which we combine into the following five:

1. Whether the evidence was sufficient to support the verdict;

2. Whether the trial court reversibly erred when it invoked the Rape Shield Act;

3. Whether the trial court reversibly erred in admitting testimony on defendant's prior sexual acts with the victim;

4. Whether the trial court erred in overruling defendant's motions for a mistrial; and

5. Whether the trial court reversibly erred in overruling defendant's motion to allow defense counsel to have an unsupervised interview with the prosecuting witness.

A brief statement of the facts most favorable to the state reveal that on March 29, 1981, defendant attempted to have sexual intercourse with his fourteen year old daughter in the bathroom of their home. The victim testified that while she was preparing to take a bath, her father entered the bathroom, forced her to lie on the floor, pulled her towel off of her, and attempted to place his penis in her vagina. The victim's screams drove defendant from the bathroom.

I.

Defendant argues that the evidence was insufficient to support the verdict because it is based entirely on the victim's uncorroborated testimony, which he contends was unbelievable. He bases this argument on the fact that the victim did not report the alleged offense until four months later, after defendant had struck her for taking his car without his consent. At trial, the victim admitted that she was angry at her father when she reported the instant crime and that she had made a previous report in 1979 but then recanted it. Defendant also argues that the other family members' testimony that they did not hear any screams the evening of the crime contradicts the victim's testimony.

It is well established that, on appeal, this Court will neither reweigh the evidence nor judge the credibility of the witnesses but will look only to the evidence most favorable to the state and all reasonable inferences to be drawn therefrom. If there is substantial evidence of probative value to support the conclusion of the trier of fact, the judgment will not be overturned. *Garland v. State*, (1983) Ind., 444 N.E.2d 1180; *Fielden v. State*, (1982) Ind., 437 N.E.2d 986. Furthermore, a conviction

may be based on the uncorroborated testimony of the prosecuting witness if that testimony is sufficient to convince the trier of fact beyond a reasonable doubt. *Robinson v. State,* (1983) Ind., 446 N.E.2d 1287; *Snider v. State,* (1980) Ind., 412 N.E.2d 230.

█ In the present case, it was the victim's word against the defendant's. The victim's story was consistent throughout the trial. She also explained that she had recanted the accusation made in 1979 because she became scared and was afraid her mother would hate her, and because her mother was pressuring her to change her story. There was other testimony from which the jury could infer that this explanation was substantiated. The jury heard the testimony, judged the demeanor of the witnesses, and believed the victim. Defendant now asks the Court to judge the credibility of the witness, which we will not do. There was sufficient evidence to support the verdict.

## II.

█ Defendant also argues that it was reversible error for the trial court to invoke the Rape Shield Act, Ind.Code § 35–1–32.-5–1 et seq. (Burns 1979 Repl.), barring evidence of the victim's sexual activity with persons other than the defendant. Defendant argues that medical testimony indicating that the victim's vagina had "been used frequently" and the victim's testimony that defendant had "fooled around" with her on other occasions let the jury infer that the defendant was the cause of the victim's "well used vaginal area" and unfairly prejudiced him. Defendant contends that he was denied the right of confrontation and effective cross-examination because he was barred from presenting evidence that would explain a physical fact before the jury.

The Rape Shield Act allows an inquiry into a victim's past sexual conduct in two instances:

"*Exceptions to inadmissibility.*—The following evidence proscribed in section 1 of this chapter may be introduced if the judge finds, . . . that it is material to a fact at issue in the case and that its inflammatory or prejudicial nature does not outweigh its probative value:

(a) Evidence of the victim's past sexual conduct with the defendant; or

(b) Evidence which in a specific instance of sexual activity shows that some person other than the defendant committed the act upon which the prosecution is founded."

Ind.Code § 35–1–32.5–2 (Burns 1979 Repl.). The evidence offered by defendant did not meet either of the two conditions. He attempted to introduce evidence of prior sexual conduct in general rather than specific evidence that someone else committed the offense being prosecuted. The purpose of the Rape Shield Act is to prevent the introduction of the very evidence defendant sought to introduce. *See Moore v. State,* (1979) 271 Ind. 464, 393 N.E.2d 175.

In addition, this Court previously has addressed defendant's claim that the Rape Shield Act denies a defendant effective confrontation and has determined that the limitation is constitutionally sound absent a showing of actual impingement on cross-examination. *Lagenour v. State,* (1978) 268 Ind. 441, 376 N.E.2d 475. Defendant has made no such showing. He was allowed to cross-examine the victim on her current allegations, her previous accusation, her motives, and her credibility. He also was allowed to cross-examine all of the state's witnesses on the victim's allegations of defendant's previous sexual acts with the victim. Defendant was barred only from making a general inquiry into the victim's sexual conduct, which is a legitimate legislative limitation to keep the victim from being placed on trial. *Moore,* 396 N.E.2d at 178. The trial court correctly invoked the Rape Shield Act.

## III.

Defendant also argues that the victim's testimony concerning defendant's prior sexual acts with her was admitted erroneously because the events were too remote and irrelevant and only served to prejudice defendant.

Although as a general rule Indiana prohibits the admission of a defendant's prior offenses, evidence of prior crimes is admissible if relevant to show intent, motive, identity, plan, or knowledge. *Daniels v. State,* (1980) Ind., 408 N.E.2d 1244; *Woods v. State,* (1968) 250 Ind. 132, 235 N.E.2d 479. Here the evidence that defendant had committed prior sexual acts with the victim was admissible to show a continuing plan on the defendant's part to exploit and sexually abuse his daughter. The evidence also was relevant to prove defendant's intent to commit the attempted rape. *Woods,* 250 Ind. at 144, 235 N.E.2d at 486; *Meeks v. State,* (1968) 249 Ind. 659, 663, 234 N.E.2d 629, 631 (quoting *Lovely v. United States,* (1948 4th Cir.) 169 F.2d 386). Consequently, there was no reversible error.

## IV.

Defendant next contends that the trial court erred in denying his motions for a mistrial. During the second day of trial, defendant moved for a mistrial after the prosecutor asked defendant if, at a previous trial, he had testified that he could not remember whether he had tried to rape the victim. Defendant alleges that the prosecutor's questions implied to the jury that defendant had been tried for a similar crime, but then the prosecutor failed to prove defendant guilty of similar crimes. Defendant's argument appears to be that the prosecutor used an improper manner of questioning in an attempt to impeach defendant.

We first note that the grant or denial of a mistrial is within the discretion of the trial court and, absent an abuse of that discretion, the decision will not be disturbed. *Boyd v. State,* (1982) Ind., 430 N.E.2d 1146. It also is well established that prior inconsistent statements, including prior testimony, may be used to impeach a witness. *LaBine v. State,* (1983) Ind., 447 N.E.2d 592; *Rodgers v. State,* (1981) Ind., 422 N.E.2d 1211; *Stutzman v. State,* (1968) 250 Ind. 467, 235 N.E.2d 186. In order to impeach a witness with a prior inconsistent statement, a proper foundation must be laid to warn the witness and enable him to deny or explain the prior statement. The foundation is properly laid if the question adequately calls the statement to the witness's attention and enables him to form a sufficient recollection. *Smith v. State,* (1981) Ind., 414 N.E.2d 299; *Gradison v. State,* (1973) 260 Ind. 688, 300 N.E.2d 67. Here the prosecutor gave the substance of the statement and the place of the statement. The defendant's answer indicated he remembered the statement, and he attempted to explain the prior statement. The prosecutor's questions were proper and sufficient to lay the necessary foundation. *See Rodgers v. State,* 422 N.E.2d at 1214.

Furthermore, the prosecutor was under no duty to prove the "implied" similar offense or dispel the implication of such offenses. The prosecutor's questions regarding the previous trial were admitted to challenge defendant's credibility, not to prove that defendant had been tried on similar charges. If defendant believed that implications of prior charges were being made to the jury, it was his responsibility to see that the jury was admonished that the questions and answers were to be used only to judge defendant's credibility and not as substantive evidence. *Head v. State,* (1982) Ind., 443 N.E.2d 44, 58; *Reid v. State,* (1978) 267 Ind. 555, 372 N.E.2d 1149. An admonishment to the jury rather than a mistrial was the appropriate remedy here, if any was needed. Because defendant failed to request such admonishment it cannot be said that the trial court abused its discretion in denying the mistrial. *See Boyd v. State,* 430 N.E.2d at 1149; *Hicks v. State,* (1979) Ind., 397 N.E.2d 973, 975.

Defendant again moved for a mistrial after the state, during the presentation of rebuttal evidence, called Officer Ballard to testify to the substance of a conversation he overheard between defendant and his attorney. Ballard testified to the following:

A. "Well, what I heard, I heard Carl Lewis say 'I'm going to say she's lying, I've got to', and then Tim Dodd said, 'Deny everything', and Lewis said, 'That's what I'm going to

do, deny everything', and then they looked at me and I looked at them and they quieted down."

Defendant argues that this testimony was inadmissible because it was a privileged communication which he had not knowingly waived. Defendant also contends that the testimony repeated the conversation out of context and, therefore, was prejudicial to him.

 Before the attorney-client privilege can exist, the communication must be confidential. Ind.Code § 34–1–14–5 (Burns 1982 Supp.). Here the trial court determined through preliminary questions that the conversation between defendant and his attorney was not confidential and, therefore, was not privileged. The record indicates that defendant and his attorney were in close proximity to Ballard and that they spoke in normal voices. Under these circumstances it cannot be said that the communication was confidential. Because no privilege existed, there was no need for defendant to voluntarily waive it. Moreover, defendant has not demonstrated how he was unfairly prejudiced by the testimony. The testimony did not contradict anything the defendant had said. It was not error to admit the testimony and not an abuse of discretion to deny the motion for mistrial.

### V.

Defendant's final argument is that it was reversible error to deny his motion requesting that his attorney have an unsupervised interview with the victim. He argues that this denial unconstitutionally interfered with defendant's ability to prepare his case and denied his attorney the opportunity to represent defendant zealously. However, defendant has failed to supply any authority to support this argument as required by Ind.R.Ap.P. 8.3(A)(7).

Furthermore, questions of discovery in criminal cases generally are within the trial court's discretion. *Kusley v. State,* (1982) Ind., 432 N.E.2d 1337; *Williams v. State,* (1981) Ind., 417 N.E.2d 328. Absent an attempt by the prosecutor to limit discovery, the trial judge's decision will be overturned only if it is clearly erroneous. The record shows that defense counsel was given an opportunity to interview the victim in the presence of a representative of the Welfare Department rather than with someone from the prosecutor's office present, and defendant declined. Defendant has not shown that the discovery he requested is authorized under our rules of trial procedure, nor has he shown any abuse of discretion by the trial court.

For all of the foregoing reasons, there was no reversible error and the judgment of the trial court should be affirmed.

Judgment affirmed.

GIVAN, C.J., and DeBRULER, PRENTICE and PIVARNIK, JJ., concur.