Anthony THOMAS, Appellant
(Defendant below),

v.

STATE of Indiana, Appellee
(Plaintiff below).

No. 1183S398.

Supreme Court of Indiana.

Dec. 10, 1984.

Spangler, Jennings, Spangler & Dougherty, P.C., Merrillville (William S. Spangler, Jr., Merrillville, of counsel), for appellant.

Linley E. Pearson, Atty. Gen. of Indiana, Louis E. Ransdell, Deputy Atty. Gen., Indianapolis, for appellee.

HUNTER, Justice.

The defendant, Anthony Thomas, was convicted by a jury of rape, a Class B felony, Ind.Code § 35-42-4-1 (Burns 1984 Supp.) and of being a habitual offender, Ind.Code § 35-50-2-8 (Burns 1984 Supp.). He was sentenced to the Indiana Department of Correction for a period of forty years. In this direct appeal, he raises the following four issues:

1. Whether there was sufficient evidence of probative value to support the jury's verdict on the charge of rape;

2. Whether the trial court erred by refusing to permit him to cross-examine the prosecuting witness regarding her sexual conduct earlier during the day of the alleged offense;

3. Whether Indiana's habitual offender statute is unconstitutional; and

4. Whether the imposition of the forty-year sentence constitutes cruel and unusual punishment.

A brief summary of the facts from the record most favorable to the state shows that the victim was a fifteen-year-old girl who left her boyfriend's house about 9:00 p.m. on the evening of December 29, 1982. Although she left with three other friends, she walked alone the last two blocks to a bus stop. As she was waiting for the bus, a man approached her with a gun and ordered her to get into a car parked in an alley. This man was later identified as defendant's brother, and defendant was the man who was driving the car. The victim was raped by both men and when she began screaming and crying defendant threatened to cut her with a knife. Defendant then drove the car to another location and the victim was again raped by both men.

A police car drove up and one officer heard the victim scream for help before defendant drove the car away. The police chased the car through several alleys and one officer pursued defendant's brother on foot when he jumped out of the moving car. Eventually, defendant was forced to stop the car and was arrested by the other officer. The victim was found to be nude and was very scared and crying. She was immediately taken to a hospital for an examination. The doctor found scratches on the inside of her thighs and lab tests proved positive for the presence of semen. During the habitual offender phase of the proceedings, the state introduced evidence to show that defendant had been convicted of the prior felonies of burglary and armed robbery in 1977.

I.

Defendant first contends that there was not sufficient evidence of probative value on the element of penetration to sustain his conviction for the crime of rape. It is clear that the crime of rape is defined as knowing or intentional sexual intercourse with a member of the opposite sex when the other person is compelled by force or the threat of force, Ind.Code § 35-42-4-1 (Burns 1984 Supp.) and "sexual intercourse" is defined as "an act that includes any penetration of the female sex organ by the male sex organ." Ind.Code § 35-41-1-26 (Burns 1984 Supp.). We have consistently held that proof of the slightest degree of penetration is sufficient and the finder of fact may infer penetration from circumstantial evidence. *Rowan v. State*, (1982) Ind., 431 N.E.2d 805; *Holder v. State*, (1979) 272 Ind. 52, 396 N.E.2d 112.

█ Defendant argues that the only evidence of penetration here was the victim's testimony and that she only talked in gen-

eral terms about being "raped" and did not specifically describe any penetration. He argues that since she was only fifteen years old she may have used the term "rape" to cover types of sexual contact which did not include any penetration. We find no merit to this contention since the record shows that the victim did use the term "intercourse" and stated at one point "that's when he entered me." Furthermore, the laboratory tests did show the presence of semen in the victim's vagina. This was sufficient evidence of probative value to support the jury's determination that defendant had committed the offense of rape and the verdict was not contrary to law.

## II.

Defendant next contends that the trial court erred in refusing to permit his counsel to cross-examine the victim regarding her sexual conduct with her boyfriend earlier during the day of the instant offense. He claims that this testimony would have been relevant to explain the medical evidence showing the presence of semen in the victim's vagina and therefore should have been admitted to help refute the state's case.

■ It is well settled that the purpose of Indiana's rape shield statute is to shield victims of sex crimes from a general inquiry into their past sexual conduct and to keep these victims from feeling that they are on trial. *Kelly v. State*, (1983) Ind., 452 N.E.2d 907; *Lewis v. State*, (1983) Ind., 451 N.E.2d 50; *Moore v. State*, (1979) 271 Ind. 464, 393 N.E.2d 175. However, the statute does allow an inquiry into a victim's past sexual conduct in three instances, one of which is "a specific instance of sexual activity [which] shows that some person other than the defendant committed the act upon which the prosecution is founded." Ind.Code § 35–37–4–4(b)(2) (Burns 1984 Supp.).

■ In this case, there would have been some probative value to evidence which would have shown that the victim had had sexual intercourse with her boy-

friend earlier in the day of the instant crime because that specific activity could have accounted for the presence of the semen in her vagina and the scratches on her thighs. But the statute clearly provides further that any evidence which might be admissible under this exception can only be admitted if the court finds that its prejudicial nature does not outweigh its probative value. This determination as with other issues on the relevancy of evidence in a criminal proceeding is within the trial court's discretion. *Pearson v. State*, (1982) Ind., 441 N.E.2d 468; *Turpin v. State*, (1980) 272 Ind. 629, 400 N.E.2d 1119.

Here, the evidence showed that the police found the victim with defendant and his brother in a car parked in an unlikely place in an alley. The investigating officer testified that he heard the victim scream for help before defendant drove the car away in an effort to escape the police. When the police finally were able to stop the car, they found the victim was nude, crying, and scared. She stated that she had been raped by both men. Under these circumstances, any evidence of the victim's consensual sexual activity with her boyfriend earlier that day would have had only a negligible measure of probative value. This slight probative value was clearly outweighed by the prejudicial nature of such evidence in embarrassing the victim and subjecting her to possible public denigration. The trial court did not abuse its discretion in excluding the evidence defendant sought during cross-examination here.

## III.

■ Defendant next contends that the habitual offender statute is unconstitutional as applied to him. He argues that it violates the requirement of separation of powers because it grants the prosecuting attorney broad discretion to choose which persons shall be subjected to the enhanced penalty and thus improperly gives the power to determine certain sentences to the executive branch of the government. We have repeatedly held adversely to defendant's position since it is clear that a prose-

cutor is always permitted some selectivity in every case as to whether or not to charge a violation of a criminal statute. *Badelle v. State*, (1982) Ind., 434 N.E.2d 872; *Collins v. State*, (1981) Ind., 415 N.E.2d 46; *Eaton v. State*, (1980) 274 Ind. 73, 408 N.E.2d 1281. The habitual offender statute does not contravene the constitutional provisions providing for separation of powers in the respective branches of our government.

This Court has also consistently held that the habitual offender statute is not an *ex post facto* law because the penalty under the statute is imposed only for the last crime committed. There is no punishment imposed on any prior crimes. *Funk v. State*, (1981) Ind., 427 N.E.2d 1081. Also, we have continually held that the habitual offender statute does not violate the constitutional prohibition against double jeopardy because the punishment is imposed for the latest crime and not for the prior offenses. *Funk v. State*, 427 N.E.2d at 1087; *Hall v. State*, (1980) 273 Ind. 507, 405 N.E.2d 530. The habitual offender statute is not unconstitutional, and defendant was properly sentenced under it.

### IV.

Defendant finally contends that his sentence of forty years constitutes cruel and unusual punishment because it "steals the normal vital life span of a human being" and the offense did not involve permanent physical damage or death to the victim. We find no merit to this contention as the victim was a defenseless fifteen-year-old girl who was repeatedly raped by the two physically overpowering men. The victim undoubtedly suffered both physical and emotional trauma from defendant's deplorable acts.

We have long recognized that the purpose of the habitual offender statute is to more severely penalize those persons whom prior sanctions have failed to deter from committing felonies. *Howard v. State*, (1984) Ind., 467 N.E.2d 1; *Whitacre v. State*, (1980) 274 Ind. 554, 412 N.E.2d 1202; *Comstock v. State*, (1980) 273 Ind. 259, 406

N.E.2d 1164. Other persons in this state are serving forty year sentences or longer for crimes similar to that of defendant. Thus, given the serious nature of defendant's crimes, the purpose underlying our habitual offender statute, and the sentences of other individuals in this state, we do not find that the sentence here constitutes cruel and unusual punishment.

For all of the foregoing reasons, there was no trial court error, and the judgment of the trial court should be affirmed.

Judgment affirmed.

GIVAN, C.J., DeBRULER, PRENTICE and PIVARNIK, JJ., concur.