**Rodney THOMAS, Appellant (Defendant below),**

v.

**STATE of Indiana, Appellee (Plaintiff below).**

**No. 284S61.**

Supreme Court of Indiana.

Dec. 10, 1984.

Jeffery J. Dywan, Schererville, for appellant.

Linley E. Pearson, Atty. Gen., Jay Rodia, Deputy Atty. Gen., Indianapolis, for appellee.

HUNTER, Justice.

The defendant, Rodney Thomas, was convicted by a jury of rape, a Class B felony, Ind.Code § 35–42–4–1 (Burns 1984 Supp.) and of being a habitual offender, Ind.Code § 35–50–2–8 (Burns 1984 Supp.). He was sentenced to the Indiana Department of Correction for a period of forty years. In this direct appeal, he raises the following three issues:

1. Whether the trial court erred by refusing to permit him to cross-examine the prosecuting witness regarding her sexual conduct earlier during the day of the alleged offense;

2. Whether the trial court erred in allowing the state to introduce certain exhibits during the habitual offender phase of the trial; and

3. Whether there was sufficient evidence to support the verdict on the habitual offender count.

A brief summary of the facts from the record most favorable to the state shows that the victim was a fifteen-year-old girl who left her boyfriend's house about 9:00 p.m. on the evening of December 29, 1982. Although she left with three other friends, she walked alone the last two blocks to a bus stop. As she was waiting for the bus, defendant approached her with a gun and ordered her to get into a car parked in an alley. The victim was raped by both defendant and his brother who was the driver of the car. The defendant's brother drove the car to another location and the victim was again raped by both men.

A police car drove up and one officer heard the victim scream for help before defendant's brother drove the car away.

The police chased the car through several alleys and one officer pursued defendant on foot when he jumped out of the moving car. Eventually defendant's brother was forced to stop and was arrested by the other officer. The victim was found to be nude and was very scared and crying. She was immediately taken to a hospital for an examination. The doctor found scratches on the inside of her thighs and lab tests proved positive for the presence of semen. During the habitual offender phase of the proceedings, the state introduced evidence to show that defendant had been convicted in Missouri of the crime of rape in 1977 and had been convicted in Indiana of the crime of theft in 1981.

## I.

Defendant first contends that the trial court erred in refusing to permit his counsel to cross-examine the victim regarding her sexual conduct with her boyfriend earlier during the day of the instant offense. He claims that this would be relevant to his case since medical evidence was presented to show the presence of semen in the victim's vagina. He further claims that the trial court's action has denied him his Sixth Amendment right to confront the witness.

■ This Court has consistently held that Indiana's rape shield statute does not violate a defendant's Sixth Amendment right to confront witnesses absent a showing of actual impingement on cross-examination. *Kelly v. State,* (1983) Ind., 452 N.E.2d 907; *Moore v. State,* (1979) 271 Ind. 464, 393 N.E.2d 175; *Lagenour v. State,* (1978) 268 Ind. 441, 376 N.E.2d 475. Ind. Code § 35–37–4–4 (Burns 1984 Supp.) (formerly codified as Ind.Code § 35–1–32.5–1). The purpose of this statute is to shield victims of sex crimes from a general inquiry into their past sexual conduct and to keep these victims from feeling that they are on trial. *Kelly v. State,* 452 N.E.2d at 910; *Lewis v. State,* (1983) Ind., 451 N.E.2d 50, 53.

■ However, as defendant points out, the rape shield statute does allow an inquiry into a victim's past sexual conduct in three instances, one of which is "a specific instance of sexual activity [which] shows that some person other than the defendant committed the act upon which the prosecution is founded." [1] In this case, there would have been some probative value to evidence which showed that the victim had had sexual intercourse with her boyfriend earlier in the day of the instant crime because that activity could have accounted for the presence of the semen in her vagina and the scratches on her thighs. But the statute clearly provides further that any evidence which might be admissible under this exception can only be admitted if the court finds that its prejudicial nature does not outweigh its probative value. This determination as with other issues on the relevancy of evidence in a criminal proceeding is within the trial court's discretion. *Pearson v. State,* (1982) Ind., 441 N.E.2d 468; *Turpin v. State,* (1980) 272 Ind. 629, 400 N.E.2d 1119.

In this case, the police found the victim with defendant and his brother in a car parked in an unlikely place in an alley. The investigating officer testified that he heard the victim scream for help before defendant's brother drove the car away in an effort to escape the police. When police finally were able to stop the car, they found the victim was nude, crying, and scared. She stated that she had been raped. Under these circumstances, any evidence of the victim's consensual sexual activity with her boyfriend earlier that day would have had only a negligible measure of probative value. This slight probative value was clearly outweighed by the prejudicial nature of such evidence in embarrassing the victim and subjecting her to public denigration. The trial court did not abuse its discretion in excluding the evidence defendant sought during cross-examination here.

1. Ind.Code § 35–37–4–4(b)(2) (Burns 1984 Supp.).

## II.

■ Defendant next contends that the trial court erred in admitting three exhibits during the habitual offender phase of the trial because these exhibits were not properly certified. He first claims that Exhibit 13–A, which was a copy of the indictment and judgment for rape in Missouri in 1977 does not show what deputy clerk examined the documents to determine that they were correct copies of the original. However, the record does show that Austin Van Buskirk, the court administrator of Jackson County, Missouri, certified that the documents were full, true, and complete copies of the original entries and the presiding judge certified that Van Buskirk was the custodian of the records. Contrary to defendant's assertions, the signatures of the clerk and the judge were official signatures and constituted a proper attestation of the authenticity of this exhibit.

■ Another exhibit contained a commitment form, copies of fingerprints, and a photograph from the Missouri Department of Corrections as well as another copy of the judgment for the 1977 rape charge. The record shows that Austin Van Buskirk certified that the "foregoing" documents were a true copy of the "judgment and sentence" in the case of "State of Missouri vs. Rodney D. Thomas." Defendant contends that since the attestation did not specifically mention a set of fingerprints and a photograph that those two items were not properly attested to. There is no merit to this contention since the word "foregoing" was used in the attestation and all the documents were attached together as one set of commitment papers before the attestation document.

■ Defendant finally contends that an exhibit with records from the Indiana Department of Correction showing his commitment to the state prison for the 1981 theft offense was not properly certified. He claims that only one number, IC 81–6801, was mentioned in the attestation and that therefore the documents with other numbers are not properly attested to.

The record shows that the keeper of the records for the Indiana State Prison did separately list all the documents included in his attestation although not all the documents had the same number. This was a sufficient certification that all the attached and listed documents were true and authentic copies.

■ We find no error in the admission of any of these documents. They were all properly certified and met the statutory requirements for admission into evidence. Ind.Code § 34–1–17–7 and § 34–1–18–7 (Burns 1973); *Graham v. State*, (1982) Ind., 441 N.E.2d 1348; *Barnett v. State*, (1981) Ind., 429 N.E.2d 625; *Gilmore v. State*, (1981) Ind., 415 N.E.2d 70. There was no error here.

## III.

■ Defendant finally contends that there was not sufficient evidence of his identity as the person who committed the 1977 rape and 1981 theft to support his conviction as a habitual offender. He claims that the introduction of photographs and fingerprints in connection with the two prior judgments is not sufficient to prove that he was the individual who committed the prior offenses since there was no expert testimony showing that the fingerprints were his. It is true that it is incumbent upon the state to demonstrate that defendant was, in fact, the person convicted of the prior felonies. In this case, we have found the photographs as well as the fingerprints attached to the commitment records for both prior felonies were properly admitted. This was sufficient evidence from which the jury could determine whether the defendant seated before them was the same person who had committed the prior felonies. *Duncan v. State*, (1980) 274 Ind. 144, 409 N.E.2d 597. There was sufficient evidence to support the jury's verdict.

For all of the foregoing reasons, there was no trial court error and the judgment of the trial court should be affirmed.

Judgment affirmed.

GIVAN, C.J., and DeBRULER, PRENTICE and PIVARNIK, JJ., concur.