**James WILLIAMS, a/k/a Cadillac, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 683S222.**

Supreme Court of Indiana.

May 23, 1985.

Andrew R. Tanzillo, Hammond, for appellant.

Linley E. Pearson, Atty. Gen., Amy Schaeffer Good, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

This is a direct appeal from convictions of confinement, a class B felony, Ind.Code § 35-42-3-3 and rape, a class A felony, Ind.Code § 35-42-4-1. The case was tried by a jury. Appellant received a ten year sentence for confinement and a thirty year sentence for rape. The sentences are to run concurrently.

Appellant raises two issues on appeal: (1) whether the trial court erred when it overruled his motion to strike the testimony of the victim since her testimony indicated that the time of the offense was different than the time stated in the information and the State's response to his notice of alibi: (2) whether there is sufficient evidence to sustain the conviction for rape.

These are the facts that tend to support the determination of guilt. At 10:00 p.m. on September 2, 1981, the victim heard gunfire as she walked down the street. As a result, she entered an apartment building hallway for safety. While she was in the hallway, appellant grabbed her and dragged her into his apartment. He and his accomplice beat her and smashed a wine bottle on her face. One of her teeth was knocked out and another was cracked. Then, while his accomplice restrained her, he had forcible intercourse with her. He left the apartment shortly thereafter. His accomplice held her captive the rest of the night. She escaped the next morning and went to the hospital that afternoon.

I

On September 11, 1981, appellant was charged with confinement and rape. The informations stated that the offenses occurred on September 2, 1981. On November 19, 1982, pursuant to Ind.Code § 35-36-4-1, appellant filed his Notice of Intention to Offer Evidence of Alibi. On November 24, 1982, pursuant to Ind.Code § 35-36-4-2, the State filed its Answer to Alibi which stated that the offenses occurred at approximately 10:00 p.m. on September 2, 1981.

At trial, the victim testified on direct examination in the State's case in Chief that the offenses commenced on September 2, 1981, and that she escaped and went to the hospital on September 3, 1981. On cross examination, in order to impeach her upon the basis of a mistaken recollection of the date of the offenses, defense counsel presented a hospital record to her. She acknowledged that her signature was on the document and that the document indi-

cated that her hospital examination had occurred on September 2, rather than September 3. She then became equivocal and said that the offenses might have occurred on September 1. She then reasserted that they occurred on September 2. Subsequently, the victim's sister Lavette Franklin testified, again on cross-examination, that the date of the offenses may have been September 1. On direct examination, Dr. Nilda Duranoi testified that the victim's examination occurred on September 2. After the State rested, appellant moved that the testimony of the victim and her sister be striken on the grounds that their testimony as to the date of the offenses varied from the date listed in the State's response to his notice of alibi. The trial court denied the motion.

■ Appellant's claim for exclusion of the testimony of the two women is based upon the statute wherein it authorizes the trial court to grant exclusion of "evidence offered by the prosecuting attorney" under specified circumstances. Here it was not until the two witnesses were shaken by defense counsel on cross-examination that either one mentioned a date of the offenses inconsistent with the date in the prosecuting attorney's response to the notice of alibi. Therefore their testimony, insofar as it was inconsistent with that response was not "evidence offered by the prosecuting attorney," and the extreme sanction of exclusion provided for in the statute was not applicable. It also appears that the sanction of exclusion on fairness grounds would not be appropriate, since the initial testimony of the two witnesses was consistent and supportive of appellant's interest in presenting a planned and viable alibi defense, and further showed the good faith nature of the prosecuting attorney's pre-trial response that he intended to prove the offenses occurred on September 2, 1981. Under these circumstances, the defense was entitled to no more than a reasonable continuance to expand its alibi coverage to include September 1, 1981. Cf. *Woods v. State* (1968), 250 Ind. 132, 235 N.E.2d 479.

II

Appellant argues that the evidence is insufficient to establish the element of penetration for the crime of rape. On appeal, this Court will not reweigh the evidence nor judge the credibility of the witnesses. Rather, we will consider only that evidence most favorable to the State and all reasonable inferences to be drawn therefrom which support the verdict. If there is substantial evidence of probative value which would permit a reasonable trier of fact to find the existence of each element of the offense beyond a reasonable doubt, the judgment must be affirmed. *Reed v. State* (1979), 185 Ind.App. 5, 387 N.E.2d 82; see also *Henderson v. State* (1980), 273 Ind. 334, 403 N.E.2d 1088.

■ Penetration, no matter how slight, is an essential element of the crime of rape. *McCormick v. State* (1979), 182 Ind.App. 541, 395 N.E.2d 856. It is a question of fact to be determined by the jury. *McCormick, supra.*

This is the evidence most favorable to the State.

Q. What happened then ma'am

A. Then he went down, he moved down to the bottom part of me, and the other one grabbed the top of me, and he started forcing me with his hands, pulling my vagina open and inserting himself up in me . . .

■ This evidence is clearly sufficient to sustain the element of penetration and the conviction for rape.

The judgment of the trial court is affirmed.

GIVAN, C.J., and HUNTER, PRENTICE and PIVARNIK, JJ., concur.