Carolyn MOORE, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 1–1185A282.

Court of Appeals of Indiana,
First District.

Sept. 8, 1986.

then provided the store officials with a written confession and list of items totalling $10,000 which she had allowed her customer-friends to take from the store at reduced prices or without charge. Moore was convicted by a jury on April 10, 1985 for the theft of a Sony walkman radio and sentenced to a determinate period of three years.

Due to our disposition of this case, we will only address Moore's first issue which is whether in view of the requirements of the *corpus delicti* rule the court erred by admitting Moore's written confession.

For Moore's confession to be admissible, the State was required to present evidence which showed that the specific crime charged was committed by someone. *Sluss v. State*, (1982) Ind.App., 436 N.E.2d 907, 910. The State's case is so tested in order to prevent the defendant's conviction of a crime for which he confessed, but which never occurred. *Cambron v. State*, (1975) 262 Ind. 660, 322 N.E.2d 712. To establish the corpus delicti, there must be evidence of (1) the occurrence of the specific kind of injury and (2) someone's criminal act as the cause of the injury. *Douglas v. State*, (1985) Ind., 481 N.E.2d 107, 110. Circumstantial evidence of the corpus delicti is sufficient. *Id.*

Here, the prosecutor presented to the jury Moore's written confession of the theft of many items, including the radio. However, at no time did the State produce independent evidence which permits an inference of the theft of the radio. The *State's* witnesses testified, without contradiction, that Target had no records documenting a theft by Moore (R. 57–59); Target had no way of knowing if the items returned by Moore's friends were stolen or originally taken from its store (R. 59); the radio in question was probably returned to Target's stock prior to trial and could not be identified (R. 62); Target had several standard procedures to discover employee theft such as videotaping and personal sur-

Patrick M. Schrems, Deputy Public Defender for Monroe County, Bloomington, for appellant.

Linley E. Pearson, Atty. Gen., Jay Rodia, Deputy Atty. Gen., Indianapolis, for appellee.

ROBERTSON, Presiding Justice.

Appellant-defendant Carolyn Moore (Moore) appeals her conviction for theft pursuant to IND.CODE 35–43–4–2, a class D felony.

We reverse.

A summary of the facts shows that Moore was employed in January 1985, as a cashier at Target, Inc. (Target), a department store in Bloomington, Indiana. On January 23, Moore was summoned to the manager's office and questioned concerning the loss of store merchandise. Moore

veillance, and though Target had used these procedures to personally observe Moore, no theft was observed. (R. 20, 77–79, 135).

The State argues in its brief that the occurrence of a theft may be inferred from the evidence that several of Moore's friends were obtaining cash refunds from Target for items without sales receipts during Moore's employment and that Moore accompanied a friend during one of the refunds. However, Target's loss prevention manager testified that the refunds by Moore's friends were "perfectly legal" (R. 184–185); that up until Moore's confession, they were unaware of any items stolen by Moore (R. 118); and that they were unaware of any facts, other than Moore's confession, which implicated her in theft from the store. (R. 133).

In short, the record shows no independent evidence of a "specific kind of injury," (here, the theft of a radio from Target) *Douglas, supra,* which is necessary to establish the *corpus delicti, Id.; Cambron v. State, supra.* Our appellate courts may not affirm convictions without independent evidence inferring the *corpus delicti. Riley v. State,* (1976) 265 Ind. 43, 349 N.E.2d 704; *Jones v. State,* (1969) 253 Ind. 235, 252 N.E.2d 572, 579.

Cognizant that a *prima facie* case or proof of each element of a theft offense beyond a reasonable doubt is not required for *corpus delicti* purposes, we have read the record in an unsuccessful attempt to glean some evidence which might infer that the radio which was returned to Target by one of Moore's friends was stolen from Target by anyone. Consequently, we must conclude that Moore's confession was improperly admitted and remand for a new trial. *See e.g. Hogan v. State,* (1955) 235 Ind. 271, 132 N.E.2d 908.

Conviction reversed and remanded for a new trial.

RATLIFF and NEAL, JJ., concur.