Freemon STEWART, Appellant,

v.

STATE of Indiana, Appellee.

No. 185S25.

Supreme Court of Indiana.

April 16, 1987.

Diane McNeal, Crown Point, for appellant.

Linley E. Pearson, Atty. Gen., Lisa M. Paunicka, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A jury trial resulted in a conviction of Burglary, a Class A felony, and Rape, a Class B felony. Appellant was also found to be an habitual criminal. He was sentenced to twenty-five (25) years for burglary and fifteen (15) years for rape. The burglary sentence was enhanced by thirty (30) years on the finding of being an habitual criminal.

The facts are: On the evening of July 7, 1982, at approximately 8:00 p.m., the victim was asleep on the couch in her apartment when she awoke to see two men standing in the kitchen. She immediately screamed, whereupon one man grabbed her, threw her to the floor and raped her. The second man, later identified as appellant, raped her and threatened to kill her and her children if she told anyone. As soon as the men left the apartment, the victim went to a neighbor's residence and called police.

On March 5, 1984, appellant was transferred from Stateville Correctional Center in Joliet, Illinois, to the Lake County Jail for prosecution in the instant case. The jury trial from which this appeal is taken occurred in July of 1984.

Appellant claims the trial court committed reversible error in failing to merge the rape conviction with the burglary conviction. To support his contention, he cites the case of *Sansom v. State* (1977), 267 Ind. 33, 366 N.E.2d 1171. It is true that *Sansom* held that a crime committed within the burglarized premises merged with the burglary conviction. The same ruling was made in *Jones v. State* (1977), 267 Ind. 205, 369 N.E.2d 418; however, in *Elmore v. State* (1978), 269 Ind. 532, 540, 382 N.E.2d 893, 898, both *Sansom* and *Jones* were expressly overruled.

In so ruling, this Court held that the burglary and the felony perpetrated within the premises for which the burglary was accomplished did not merge and that the burglary had been completed upon the breaking with the intent to commit a felony. The subsequent felony was a separate offense for which the defendant could be separately sentenced. We therefore hold the trial court did not err in sentencing appellant for both burglary and rape.

Appellant claims the trial court's denial of his motion for a directed verdict on the charge of burglary was reversible error. It is appellant's contention there was no evidence that appellant or his confederate broke into the victim's apartment. However, the victim testified that prior to the intrusion of appellant and his confederate her apartment was securely locked and that a piece of plywood had been placed over a broken window pane in her back door. After the intrusion it was discovered that the back door had been opened by removing the plywood. We hold this was sufficient evidence from which the jury could find that appellant was guilty of burglary.

Appellant claims the trial court erred in denying his motion for a directed verdict on the charge of rape. It is his position that the State failed to prove that he engaged in sexual intercourse with the victim. He appears to base this largely on the fact that evidence tended to show that the victim had been intoxicated shortly before the rape occurred. He appears to take the

position that due to her intoxicated condition her testimony is inherently improbable.

The sole and uncorroborated testimony of the victim is sufficient to support a conviction of rape. *Garcia v. State* (1984), Ind., 463 N.E.2d 1099. The weight to be given to such evidence is the prerogative of the jury and will not be reweighed by this Court.

Appellant claims the trial court erred in admitting evidence of prior convictions at the hearing on the habitual offender charge. He claims the State failed to prove that he was the same person mentioned in the various exhibits establishing prior offenses. The exhibits using the name Freemon Stewart contained both photographs and fingerprints of appellant. This was sufficient evidence to support the jury's conclusion that appellant was the same person who had accumulated the prior felony convictions. *Thomas v. State* (1984), Ind., 471 N.E.2d 677; *Bray v. State* (1982), Ind., 443 N.E.2d 310.

Appellant further claims State's Exhibits Nos. 1 and 3 were not properly authenticated. However, both exhibits were signed by the judge of Winnebago County (Illinois) Circuit Court and the clerk of the Winnebago County Circuit Court. They certified that Exhibits Nos. 1 and 3 were true and correct copies of the records of appellant. Under Ind.R.Tr.P. 44, this certification was adequate identification. There was no reversible error in admitting the exhibits into evidence.

The trial court is in all things affirmed.

SHEPARD, C.J., DeBRULER, PIVARNIK and DICKSON, JJ., concur.