**Patrick B. COLLINS, Appellant,**

v.

**STATE of Indiana, Appellee.**

No. 82S00–8701–CR–12.

Supreme Court of Indiana.

April 19, 1988.

Glenn A. Grampp, Lopp, Lopp and Grampp, Evansville, for appellant.

Linley E. Pearson, Atty. Gen., Lisa M. Paunicka, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A jury trial resulted in appellant's conviction of Murder, for which he received a sentence of fifty (50) years, which was enhanced by thirty (30) years due to a finding that he was an habitual offender.

The facts are: During the early morning hours of November 30, 1984, two police officers were patrolling Sunset Park in Evansville, Indiana. Upon investigating a car parked in a parking lot, they found the body of the Right Reverend Harold Keeton slumped over in the front seat. He had been shot three times in the head. Police found his empty wallet in the parking lot.

While police were searching for evidence in Keeton's automobile they were advised that he had leased a room at a local hotel. Fingerprints were taken from a plastic cup and a potato chip bag found in the hotel room and from a plastic ice bucket found in Keeton's car.

Upon hearing publicity of the killing, Dan Paddock told police that during the early morning hours of November 30 he was in Sunset Park and observed an unoccupied 1971 gold-colored vehicle in the parking lot next to the car in which Keeton was found. He told police that parked next to the gold car he saw a recent-model vehicle in which the front passenger seat was in a reclining position. Paddock saw a young, black male reclined in the front passenger seat and a middle-aged white male sitting in the driver's seat.

On September 30, 1985, police located a gold-colored car which matched Paddock's description, and he told police that it looked like the same car he saw in Sunset Park. The vehicle was registered in appellant's name and he was located by police and fingerprinted.

An F.B.I. fingerprint specialist testified that the fingerprints on the potato chip bag

and the plastic bucket were made by appellant. Also, two inmates of the jail in which appellant was incarcerated testified that appellant said he shot Keeton. Appellant described the killing to one inmate and told him that he regretted leaving fingerprints on the potato chip bag and in the car.

Appellant argues that the evidence is insufficient to support his conviction. He provides several reasons to dispute his involvement in the crime: He testified that he was not involved in the killing and gave an alibi, which was corroborated by his girl friend and her sister; hair samples taken from Keeton's car and hotel room did not match appellant's hair; the cigarette butt found next to Keeton's car was not the brand appellant smokes; and the statements of the inmates should be discounted because they received leniency in exchange for their testimony.

Appellant is asking us to reweigh the evidence and judge the credibility of the witnesses, which is the province of the jury and not this Court. *Hooks v. State* (1980), 274 Ind. 176, 409 N.E.2d 618. If part of the evidence standing alone would justify a guilty verdict, we cannot set that verdict aside because of evidence to the contrary. *Kremer v. State* (1987), Ind., 514 N.E.2d 1068.

Upon review of cases in which the evidence is circumstantial, it is not necessary that every reasonable hypothesis of innocence has been overcome, but only that an inference which supports the jury verdict may be reasonably drawn. *Freed v. State* (1985), Ind., 480 N.E.2d 929. The jury heard the inmates testify that they would receive leniency in exchange for their testimony which the jury could take into account in weighing the credibility of their testimony. We find the evidence is sufficient to sustain appellant's conviction.

Appellant argues that his trial was not fair and impartial because the State was allowed to proceed to trial upon both Counts I and II of the information.

Appellant was charged in Count I with murder under Ind.Code § 35–42–1–1(1) and in Count II with felony murder under Ind.Code § 35–42–1–1–(2). He was charged with being an habitual offender in Count III. It is appellant's position that the probability of conviction increases when the State is allowed to proceed to trial upon a multi-count charging instrument where the same crime is charged in a number of counts. He asserts that the verdicts returned upon Counts I and III should be set aside and he should be given a new trial.

Where a charging instrument contains several counts, each charging the murder of the same person but in a different manner, the question of whether the prosecution should be compelled to elect between the counts is a matter of trial court discretion. *Vaughn v. State* (1978), 269 Ind. 142, 378 N.E.2d 859. A single offense may be charged in more than one count, provided that only a single judgment and sentence is imposed. *Harding v. State* (1984), Ind., 457 N.E.2d 1098, *cert. denied*, 475 U.S. 1024, 106 S.Ct. 1218, 89 L.Ed.2d 329.

Appellant was convicted and sentenced only for the violation of Ind.Code § 35–42–1–1(1) under Count I. The habitual offender charge resulted in the enhancement of his sentence and did not subject him to double jeopardy. *Hise v. State* (1983), Ind., 452 N.E.2d 913. Appellant has shown no prejudice and we find no abuse of trial court discretion.

Appellant next argues that the trial court erred in denying his motion to admit a witness's deposition into evidence.

Dan Paddock testified for the State that he saw Keeton with a black male in the parking lot immediately before Keeton was shot. The testimony of fourteen other witnesses followed. In the midst of the defense's case, appellant moved to publish Paddock's deposition. The State objected on the ground that a sufficient foundation for the admission of the deposition had not been established, and appellant's motion was denied. Appellant argues that, because of some discrepancy between the content of Paddock's deposition and his tes-

timony at trial, the deposition should have been admitted into evidence.

 Prior inconsistent statements may be used to impeach a witness so long as a proper foundation is first laid. To establish a proper foundation, the witness must be presented with the substance of the statement and the date, place, and person to whom it was made so that the witness may recall the statement. *Lewis v. State* (1983), Ind., 451 N.E.2d 50. Because no such foundation was established prior to appellant's motion to admit the deposition, the trial court did not err in denying appellant's motion.

■ Appellant argues that the trial court erroneously admitted certain evidence at the habitual offender stage. Two identification sheets and fingerprint cards were admitted, in addition to other documents, to prove appellant's prior convictions of theft and robbery. Appellant objected to the admission of these documents on the ground that they were hearsay and not properly authenticated.

Indiana Rule of Trial Procedure 44 (A)(1) states that an official record may be evidenced by an official publication thereof or by a copy attested by the officer having the legal custody of the record, or by his deputy. The authentication of the court's seal may be proof that such officer has custody of the record.

In appellant's case, both documents were signed and certified by the keeper of the records and each bore the seal of the Vanderburgh Superior Court. We find that the documents were self-authenticated, thus admissible under the business records exception to the hearsay rule. *Jones v. State* (1985), Ind., 482 N.E.2d 243; *Drummond v. State* (1984), Ind., 467 N.E.2d 742.

■ Appellant makes a similar complaint about a third exhibit. A commitment, data sheet, and fingerprint card from appellant's conviction of carrying a concealed weapon in Missouri were admitted. On the certification, the name of the keeper of records appears at the top of the page and was mistakenly typed into the blank provided for the Secretary of State's name, then it was signed by the Secretary of State. Appellant believes that the document should not have been admitted due to this error.

Appellant has failed to establish prejudice from the admission of the third document. Proof of his two prior felony convictions was established and the third felony was mere surplusage. *Golden v. State* (1985), Ind., 485 N.E.2d 51. We find no reversible error in the admission of these documents.

■ Appellant argues that the trial court erroneously allowed a police officer to testify that appellant is the same individual as the one named in the documents establishing his prior felony convictions. He believes that because the exhibits were improperly admitted, the police officer's testimony also was improperly allowed.

As shown above, the documents were properly admitted to establish appellant's status as an habitual offender. It was not error to allow the police officer to testify concerning the identification of appellant in the documents. *Graham v. State* (1982), Ind., 441 N.E.2d 1348.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.