Lloyd ANDERSON, Appellant,

v.

STATE of Indiana, Appellee.

No. 49S00–8706–CR–536.

Supreme Court of Indiana.

Sept. 22, 1988.

Aaron E. Haith, Choate Visher & Haith, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Mary Dreyer, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A jury trial resulted in appellant's conviction of Confinement, a Class D felony, for which he received a sentence of two (2) years, and Robbery, a Class C felony, for which he received a sentence of five (5) years, which was enhanced by thirty (30) years due to a finding that he is an habit-

ual offender. His sentences were ordered to run concurrently.

The facts are: On March 30, 1986, Willis Dawson was in his home in Indianapolis when he was visited by appellant. Dawson was acquainted with appellant because he had seen him visiting his aunt who lived nearby. Dawson was in the business of selling liquor from his home, and upon appellant's arrival, he demanded that Dawson give him some wine. Dawson refused.

Later appellant and another man returned to Dawson's home. Dawson testified that the men were carrying pistols and stated that they intended to take all of his wine. They told Dawson to lie on the floor, and appellant pointed the gun to Dawson's head. Appellant told his comrade to shoot Dawson if he made a move. They removed his pants which contained his wallet, money, identification, and dentures.

Dawson's son entered the house to find his father on the floor while the two men held guns over him. They ordered him to sit down, which he did, and the men began to load their truck with liquor. Dawson's son made a positive in-court identification of appellant as the man who robbed his father.

Appellant and his partner loaded about five cases of beer, two and one-half cases of wine, and Dawson's pants into their white Ford pickup truck. Appellant drove the truck away and Dawson called the police. He gave a description of the individuals and their vehicle and named appellant as the perpetrator.

Officer Armor responded to the call about the robbery and found a truck matching Dawson's description approximately one-half block away from the scene of the crime. He approached the two men who were near the truck and asked them for identification. Appellant gave the officer his driver's license, and while they were talking, appellant's counterpart knocked the officer unconscious and took his weapon.

Officer Trent heard a radio broadcast from Officer Armor concerning the robbery. Upon arriving at the scene, he found Officer Armor lying on the ground while one suspect was taking the officer's gun. Both suspects fled the scene. Officer Trent was able to apprehend appellant's partner.

When Officer Richardson arrived at the scene, several officers were blocking off the area, and a subject was lying on the ground with his hands cuffed behind his back. Appellant walked up and said that the subject on the ground was his brother. Dawson then identified appellant as the robber.

A crime lab evidence technician testified that he found in appellant's truck a brown shirt (identified as Dawson's), a pint of whiskey, Dawson's pants containing his identification and some bills, and ice chests containing several bottles of wine and beer. The truck was parked next to a dumpster and inside the dumpster he found a case of wine, a .357 magnum revolver containing two bullets, and a holster made of cardboard and electrical tape.

Appellant argues the evidence is insufficient to sustain his convictions. He contends the evidence merely establishes his presence at the scene of the crime and association with his friend, who in fact actually committed the robbery.

Appellant concedes this Court does not weigh the evidence or judge the credibility of the witnesses. *McMillian v. State* (1983), Ind., 450 N.E.2d 996. However, he asserts that because Dawson's description of the property stolen varied from that recovered by police, because he didn't know the amount of money taken, and because Dawson was uncertain about the time at which the robbery occurred, the discrepancy in the evidence renders it insufficient to support his convictions.

■ A robbery conviction may be sustained by the uncorroborated testimony of the victim. *Menifee v. State* (1987), Ind., 512 N.E.2d 142.

■ It is the jury's prerogative to determine the credibility of the witness's testimony. If part of the evidence standing alone would justify a guilty verdict, we cannot set that verdict aside because of

evidence to the contrary. *Collins v. State* (1988), Ind., 521 N.E.2d 682. The evidence shows that appellant directly participated in the robbery. An accomplice can be held criminally liable for everything done by his confederates which was a probable and natural consequence of their common plan. *Id.* We find the evidence is sufficient to sustain appellant's convictions.

Appellant claims the trial court erred in the admission of State's Exhibits Nos. Twelve and Thirteen. These exhibits contained arrest reports, with fingerprints of Lloyd Anderson for burglary in 1974 and attempted murder in 1979, offered for admission during the habitual offender phase of appellant's trial. Appellant asserts the fingerprints look dissimilar; thus, he reasons that the documents do not support his habitual offender adjudication.

Also admitted into evidence were the commitment of Lloyd Anderson for one to ten years in 1974 for burglary and the commitment of Lloyd Anderson in 1980 for battery, theft, carrying a handgun without a license, resisting law enforcement, and a misdemeanor. Photographs of Lloyd Anderson were included with these documents.

On the morning of appellant's trial of the case at bar, the police department's keeper of records took appellant's fingerprints, compared them to exhibits twelve and thirteen, and determined that the prints were made by the same person. Photographs and fingerprint sheets are sufficient evidence to support an habitual offender finding. *Stewart v. State* (1987), Ind., 506 N.E.2d 38. We find the evidence was properly admitted and sufficiently supports a finding that appellant is an habitual offender.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.