**William C. DORRIS, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 49S00–8711–CR–1113.**

Supreme Court of Indiana.

Dec. 6, 1988.

Belle T. Choate, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., John D. Shuman, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A jury trial resulted in appellant's conviction of Attempted Murder, a Class A felony, for which he received a sentence of thirty (30) years, and Carrying a Handgun Without a License, a Class A misdemeanor, for which he received a sentence of one (1) year, the sentences to run concurrently.

The facts are: Approximately two months prior to October 18, 1986 appellant had separated from Naomie York. York continued to live at 533 North Goodlet in Indianapolis with her eight children and her boyfriend Paul Criscillies. Seven of her children were fathered by appellant.

On October 18, 1986, appellant visited York's home to pick up their oldest son. York told him he could not take their son anywhere and appellant became angry. Criscillies appeared at the door, and appellant said the reason York would not let him in the house was because she was living with Criscillies. He removed an axe from his car and threw it at the back door in an effort to hit Criscillies.

Early the next day appellant knocked on York's door and asked to be let in because he wanted to take the children fishing. When she refused, appellant entered the home carrying a small brown sack.

Appellant was angry, and an argument ensued between York and him. Appellant told York that he had something for her and "that son-of-a-bitch." He pulled a gun from the brown bag and walked toward the bedroom. York grabbed appellant, and the children appeared on the scene and began screaming. York's daughter and York struggled with appellant in an attempt to take the gun from him. At that time, Criscillies appeared in the bedroom doorway. Appellant knocked York to to the floor and jerked away from her daughter. Appellant pointed the gun at Criscillies and said, "[t]his is for you, you son-of-a-bitch," and he shot him in the chest.

Appellant then pointed the gun at York and her daughter jumped between York and the gun. At that time, police sirens grew near, and appellant fled out the back door.

Criscillies testified that he was pronounced dead at the hospital but he was resuscitated and since had undergone four surgeries.

Appellant argues the evidence is insufficient to sustain his conviction. He testified that during the struggle with York the gun accidentally discharged, and the bullet struck Criscillies. He contends the evidence fails to establish his intent to kill the victim.

Appellant is asking us to reweigh the evidence and judge the credibility of the witnesses, which is the province of the jury and not this Court. *Collins v. State* (1988), Ind., 521 N.E.2d 682. York, Criscillies, and three of York's children testified that appellant pointed the gun at Criscillies and shot him. It was the function of the jury to determine which version of the incident was accurate. We find the evidence is sufficient to sustain appellant's conviction.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.