**Jerry K. McMANUS, Jr., Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 20S00–8806–CR–586.**

Supreme Court of Indiana.

Aug. 2, 1989.

Thomas A. Murto, Murto & Holbrook, Goshen, for appellant.

Linley E. Pearson, Atty. Gen., John D. Shuman, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A jury trial resulted in appellant's conviction of Burglary, a Class B felony, for which he received a sentence of twenty (20) years with eight (8) years suspended, giving him an executed sentence of twelve (12) years.

The facts are: In early September of 1987, Richard Niece, appellant, and their girl friends decided to burglarize the residence of Louis Waterman because they believed he kept cash in a safe in his home. Niece testified that they pushed in the glass on the garage door and saw an all-terrain vehicle in the garage. Appellant announced that he was taking the vehicle, then he proceeded to a sliding glass door in the back of the house and lifted it from its frame. Once inside, they located some guns and the safe and carried them to their car. Appellant rode the all-terrain vehicle back to his house where he met Niece, who had the stolen goods in their car. They broke open the safe and found inside it some hundred-dollar bills, a gun, some documents, and old coins and bills.

Appellant argues the evidence is insufficient to support his conviction because Niece's testimony was inherently unbelievable. He acknowledges that this Court will not reweigh the evidence nor judge the credibility of the witnesses, citing *Dotson v. State* (1984), Ind., 463 N.E.2d 266. However, he asserts that because Niece has a prior record involving crimes of dishonesty and he received a plea bargain in exchange for his testimony at appellant's trial, his testimony cannot be believed.

The jury was informed of Niece's criminal history, that he had pled guilty to the burglary of the Waterman home, and a theft charge had been dismissed in exchange for his testimony. It was the function of the jury to consider these factors and weigh the credibility of his testimony accordingly. *Id.*

Additionally, Niece's girlfriend testified that appellant and Niece discussed stealing the safe, and after the burglary, the safe was taken to appellant's home and opened. She already had been prosecuted for her participation in the burglary. Appellant's sister-in-law testified that she watched appellant help open the safe at his home. Also, appellant gave a statement to police after his arrest in which he stated that he and Niece burglarized the home and he took guns and the all-terrain vehicle, and Niece took the safe. We find the evidence is sufficient to sustain appellant's conviction.

Appellant argues that the State failed to prove the *corpus delicti* before the admission of his confession. For appellant's confession to be admissible, the State was required to present evidence which showed that the specific crime charged was committed by someone. *Moore v. State* (1986), Ind.App., 497 N.E.2d 242. The State is not required to prove the *corpus delicti* by independent evidence prior to the admission of a confession, provided the to-

tality of independent evidence presented at trial establishes it. *Douglas v. State* (1985), Ind., 481 N.E.2d 107.

Appellant believes the State failed to prove the *corpus delicti* because he entered only the garage and not the residential portion of the Waterman home; thus the State failed to prove that he entered the property with the intent to commit a felony.

Even assuming that appellant only broke into and entered the garage, his burglary conviction would be sustained. Breaking into an attached garage which contains a door to the rest of the residence constitutes breaking into a dwelling under Ind.Code § 35–43–2–1. *Gaunt v. State* (1983), Ind., 457 N.E.2d 211. Additionally, appellant would be liable for the actions of Niece under accomplice liability principles. *Anderson v. State* (1988), Ind., 528 N.E.2d 466. We find the *corpus delicti* was sufficiently established at trial.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.