Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



ATTORNEY FOR APPELLANT:

**BRUCE A. BRIGHTWELL**
New Albany, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RYAN D. JOHANNINGSMEIER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| QUINTEZ DELONEY, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 22A01-1204-CR-153 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE FLOYD SUPERIOR COURT
The Honorable Susan Orth, Judge
Cause No. 22D01-0705-MR-315

**December 28, 2012**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**MATHIAS, Judge**

In 2009, Quintez Deloney ("Deloney") was convicted after a jury trial in Floyd Superior Court of Class A felony attempted robbery resulting in serious bodily injury and Class A felony burglary resulting in bodily injury. He was sentenced to fifty years for Class A felony attempted robbery and thirty years for Class A felony burglary. Deloney appealed. In 2010, this court affirmed his conviction and sentence for Class A felony burglary resulting in bodily injury, but it remanded the case and instructed the trial court to reduce his conviction and sentence for attempted robbery from a Class A felony to a Class C felony.

On remand, the trial court resentenced him to consecutive, executed sentences of eight years for Class C felony robbery and thirty years for Class A burglary. Deloney raises three issues on appeal, which we rephrase as: whether the trial court abused its discretion in sentencing Deloney; whether Deloney's sentence is inappropriate; and whether the trial court's sentence subjects Deloney to cruel and unusual punishment.

We affirm.

**Facts and Procedural History**

The underlying facts of this case, as reported in this court's opinion of Deloney's original appeal, are as follows:

> On January 22, 2007, Lewis James was shot and killed. The evidence at the crime scene included a cell phone and a red hat. Deloney and Lance Douglas were arrested three weeks later after it was discovered the cell phone at the scene belonged to Douglas and Deloney allegedly had bragged about his involvement in the crime. The State charged Deloney with Class A felony attempted robbery resulting in serious bodily injury, Class A felony burglary resulting in bodily injury, and murder.

2

At trial, the State presented evidence and expert testimony, over Deloney's objection, from DNA technician Amy Winters regarding DNA collected from the red hat found at the scene. She testified the sample contained DNA from two or three people, which made it impossible for her to calculate the probability that Deloney contributed to the DNA found on the red hat. Winters could not exclude Deloney or Douglas from the DNA profiles, but neither could she include them. The State also presented evidence that Deloney was seen with Douglas on the night of the crime near the crime scene, he ceased calling Douglas's cell phone after the incident, and he told multiple people of his involvement with the crime.

Following a jury trial, Deloney was acquitted of murder, but convicted of Class A felony attempted robbery resulting in serious bodily injury and Class A felony burglary resulting in bodily injury. The court sentenced him to fifty years for Class A felony attempted robbery resulting in bodily injury, and thirty years for Class A felony burglary resulting in bodily injury, with his sentences to be served consecutively for an aggregate sentence of eighty years.

Deloney v. State, 938 N.E.2d 724, 727-28 (Ind. Ct. App. 2010), trans. denied. Deloney appealed and argued that the trial court erred in admitting DNA evidence from the hat; that his convictions subjected him to double jeopardy; and that the aggravating and mitigating circumstances used to determine his sentence were an abuse of discretion. This court held that the trial court erred in admitting the DNA evidence, but held the error was harmless and thus affirmed his "conviction of and sentence for Class A felony burglary resulting in bodily injury[.]" Id. at 727. The court "remand[ed] to the trial court to reduce his conviction of and sentence for attempted robbery from a Class A felony to a Class C felony" after finding that his conviction violated double jeopardy. Id.

On March 9, 2012, the trial court conducted Deloney's sentencing hearing and sentenced him to consecutive, executed sentences of eight years for Class C felony attempted robbery and thirty years for Class A felony burglary.

3

Deloney now appeals.

## I. Sentencing Discretion

Deloney argues that the trial court abused its discretion in sentencing him, because it failed to consider his age and learning disability as significant mitigating factors. "[S]entencing decisions rest within the sound discretion of the trial court and are reviewed on appeal only for an abuse of discretion." Anglemyer v. State, 868 N.E.2d 482, 490 (Ind. 2007), reh'g granted on other grounds, 875 N.E.2d 218 (Ind. 2007). "The trial court can abuse its discretion by (1) issuing an inadequate sentencing statement, (2) finding aggravating or mitigating factors that are not supported by the record, (3) omitting factors that are clearly supported by the record and advanced for consideration, or (4) by finding factors that are improper as a matter of law." Phelps v. State, 969 N.E.2d 1009, 1019 (Ind. Ct. App. 2012) (citing Laster v. State, 956 N.E.2d 187 (Ind. Ct. App. 2011)), trans. denied.

Deloney does not contest that the trial court's issuing statement was inadequate or that the trial court failed to consider his learning disability and his age as mitigators. In fact, the trial court considered his learning disability and his age as mitigators but found that the "aggravating factors clearly outweigh[ed] the mitigating" factors. Tr. p. 53. Thus, it appears Deloney is challenging the weight given to these factors. As this court previously noted in Deloney's initial appeal, "[w]hile we review the aggravating and mitigating factors considered by the trial court for abuse of discretion, we do not review the relative weight or value assigned to each factor." Deloney, 938 N.E.2d at 732 (citing Anglemyer, 868 N.E.2d at 491). Thus, "we cannot review Deloney's allegation the trial

court assigned too little weight to the fact that Deloney was only fifteen years old when the underlying crime occurred[,]" id. at 732 n.12, and we cannot review whether the trial court assigned too little weight to his learning disability.

Deloney also challenges the trial court's decision that the sentences should run consecutively. Courts have discretion to determine whether sentences should run concurrently or consecutively. Ind. Code § 35-50-1-2; see also Williams v. State, 891 N.E.2d 621, 630 (Ind. Ct. App. 2008). "A trial court is required to state its reasons for imposing consecutive sentences or enhanced terms. However, a trial court may rely on the same reasons to impose a maximum sentence and also impose consecutive sentences." Williams, 891 N.E.2d at 630 (internal citations omitted). Here, the trial court articulated many reasons that support its decision to order consecutive sentences: (1) the callous and "brutal" circumstances of the crime that resulted in the death of the victim; (2) the "purposeful" and "calculated" nature of Deloney's actions; (3) Deloney's criminal history; (3) Deloney's lack of sympathy and empathy for the victim's family; and (4) Deloney's intimidation of witnesses. For all of these reasons, we hold that the trial court did not abuse its discretion in sentencing Deloney.

## II. Inappropriateness of Sentence

Deloney argues that his aggregate, executed sentence of thirty-eight years is inappropriate in light of the nature of the offense and his character, particularly given his age. Under Indiana Appellate Rule 7(B), we may "revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender."

Although we may review and revise a sentence, "[t]he principal role of appellate review should be to attempt to leaven the outliers, and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve a perceived 'correct' result in each case." Cardwell v. State, 895 N.E.2d 1219, 1225 (Ind. 2008). We must give "deference to a trial court's sentencing decision, both because Rule 7(B) requires us to give due consideration to that decision and because we understand and recognize the unique perspective a trial court brings to its sentencing decisions." Trainor v. State, 950 N.E.2d 352, 355-56 (Ind. Ct. App. 2011), trans. denied (quoting Stewart v. State, 866 N.E.2d 858, 866 (Ind. Ct. App. 2007)) (internal quotation marks omitted).

In reviewing the appropriateness of a sentence, we consider "the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case." Cardwell, 895 N.E.2d at 1224. The defendant has the burden to persuade us "that the sentence imposed by the trial court is inappropriate." Id. (citing Childress v. State, 848 N.E.2d 1073, 1080 (Ind. 2006)).

The maximum sentence for a Class A felony is fifty years with an advisory sentence of thirty years,[1] and the maximum sentence for a Class C felony is eight years with an advisory sentence of four years.[2] Here, Deloney received the advisory sentence for Class A felony robbery and the maximum sentence for Class C felony.

Deloney argues the maximum sentence should be reserved for the worst offenses and offenders. Appellant's Br. at 8. We agree, see Buchanan v. State, 767 N.E.2d 967,

---

[1] Ind. Code § 35-50-2-4.

[2] Ind. Code § 35-50-2-6.

973 (Ind. 2002); however, we also note that Deloney was not given the maximum sentence on both counts. In determining whether a sentence is inappropriate, we focus on the aggregate sentence rather than the "'consecutive or concurrent, number of counts, or length of the sentence on any individual count.'" Heinzman v. State, 970 N.E.2d 214, 228 (Ind. Ct. App. 2012) (quoting Cardwell, 895 N.E.2d at 1225). Deloney's aggregate sentence of thirty-eight years was not the maximum sentence he could have been given.

Moreover, the nature of the offense was heinous. As the trial court noted, the crime was "very calculated" and the victim of the robbery was "purposefully targeted" by Deloney and his companion. Tr. p. 48. Although Deloney was acquitted of murder, the trial court could still consider the circumstances of the victim's death as an aggravating factor. Deloney, 938 N.E.2d at 732 (Ind. Ct. App. 2010). During the burglary and attempted robbery, the victim was shot four times in the back and died. The trial court noted that Deloney and his co-defendant "ambushed" the victim, who was a "sitting target" and who did not induce or facilitate Deloney's or his co-defendant's actions. Tr. p. 51.

Turning to Deloney's character, while we consider his age as a factor, we also defer to the trial court's rationale behind its sentencing decision. The trial court remarked at sentencing that "throughout the trial . . . [Deloney] showed absolutely no sympathy, no empathy that a man with a family was dead, no compassion whatsoever, and many times during the trial actually appeared bored." Id. at 50-51. The trial court also noted that Deloney had "purposefully contacted people who [he] knew would be witnesses" and some of these witnesses "changed their testimony for the first time on the stand" and

7

others "said that they were afraid to testify." Id. Deloney also tried to conceal his involvement by hiding his cell phone, which was used in the planning of the crime. Id. Moreover, Deloney has a history of criminal behavior. In 2004, he admitted to resisting law enforcement; in 2005, he admitted to theft; and in 2006, he was charged with being a runaway. As the trial court noted, Deloney's "criminal history has quickly and continuously escalated in seriousness and in degree of violence and show[s] a pattern of disdain for authority." Id. at 49.

While we consider Deloney's age in determining whether a sentence is appropriate, we respect the trial court's judgment and agree that the "acts were brutal" and "were not the acts of a fifteen year old." Id. at 52. We also recognize the trial court's "unique perspective" and give deference to the trial court's sentencing decision. Trainor, 950 N.E.2d at 355-56. For all these reasons, we conclude that an aggregate sentence of thirty-eight years was not inappropriate.

### III. Cruel and Unusual Punishment

Lastly, Deloney contends that his thirty-eight-year sentence is cruel and unusual punishment under the Eighth Amendment of the United States Constitution and under Article 1, Section 16 of the Indiana Constitution.

The Eighth Amendment of the U.S. Constitution "proscribes grossly disproportionate punishments." Solem v. Helm, 463 U.S. 277 (1983); Phelps v. State, 969 N.E.2d 1009, 1021 (Ind. Ct. App. 2012), trans. denied. Article 1, Section 16 of the Indiana Constitution provides that a penalty is disproportional "only when the criminal penalty is not graduated and proportioned to the nature of the offense." Phelps, 969

8

N.E.2d at 1021 (quoting Conner v. State, 626 N.E.2d 803 (Ind. 1993)) (internal quotation marks omitted). "The constitutional prohibition against cruel and unusual punishments proscribes atrocious or obsolete punishments and is aimed at the kind and form of the punishment, rather than the duration or amount." Id. (quoting Ellis v. State, 736 N.E.2d 731, 736 (Ind. 2000)) (internal quotation marks omitted). We focus on whether our case is "the rare case in which the threshold comparison of the crime committed and the sentence imposed leads to an inference of gross disproportionality." Id. (quoting U.S. v. Gross, 437 F.3d 691, 692-93 (7th Cir. 2006), cert denied) (internal quotation marks omitted).

In Douglas v. State, our supreme court held that sixteen-year-old Douglas's sentence of thirty years for Class A felony attempted robbery was not cruel and unusual punishment under state or federal standards. 481 N.E.2d 107, 112 (Ind. 1985). Our supreme court noted that the trial court found his age as a mitigating factor but found as aggravating factors, in part, that his actions were formulated in advance and could have resulted in the murder of the robbery victim. Id. at 112. Here, the trial court similarly found that Deloney's actions were formulated in advance, and here, unlike in Douglas, the actions of Deloney and his co-defendant resulted in the murder of the robbery victim.

Furthermore, in Phelps, this court held that the minor's elevated sentence of thirty-five years, with five years suspended, for Class A felony attempted murder was not cruel and unusual punishment, noting "that the trial court took great care in arriving at Phelps's sentence." 969 N.E.2d at 1021. In the case before us, the trial court similarly took great care in deciding Deloney's sentence; the trial court carefully delineated the aggravating

9

and mitigating circumstances. As our supreme court found in <u>Douglas</u>, we find that Deloney's sentence "reflects a concern for the acceptable goals of punishment and is not grossly disproportionate to the severity of the offense, it is not violative of the Eighth Amendment to the United States Constitution or Article 1, Section Sixteen of the Indiana Constitution." 481 N.E.2d 107 at 112. For all of these reasons, we conclude that Deloney's aggregate, executed sentence of thirty-eight years for Class A felony burglary and Class C felony attempted robbery was not cruel and unusual punishment.

## Conclusion

The trial court did not abuse its discretion in sentencing Deloney and his sentence was not inappropriate in light of the nature of the offense and his character. Further, Deloney's sentence was not a violation of the Eighth Amendment's prohibition against cruel and unusual punishment.

Affirmed.

KIRSCH, J., and CRONE, J., concur.