## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Mar 16 2015, 9:58 am

*Kevin S. Smith*

**CLERK**
of the supreme court, court of appeals and tax court

ATTORNEY FOR APPELLANT

Suzy St. John
Marion County Public Defender
Appellate Division
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Lyubov Gore
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Dennis Bretzlaff,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

March 16, 2015

Court of Appeals Case No.
49A02-1407-CR-506

Appeal from the Marion Superior Court
The Honorable Amy M. Jones, Judge
Case No. 49F08-1402-CM-7848

**Crone, Judge.**

## Case Summary

[1] The trial court found Dennis Bretzlaff guilty of class A misdemeanor possession of a cellular telephone while incarcerated in a penal facility. Bretzlaff

challenges the admission of his confession under the corpus delicti rule. Finding no error, we affirm.

## Facts and Procedural History

[2] The facts most favorable to the trial court's judgment are that Security Officer Chris Myers worked at the Duvall Residential Center, a community corrections work release facility. On February 17, 2014, Security Officer Charles Holder brought a cell phone and a makeshift battery charger to Officer Myers. Officer Myers retained possession of these items and contacted Bretzlaff, who was brought to the security office. Officer Myers Mirandized Bretzlaff and recorded him on video. Bretzlaff acknowledged his rights and admitted to having a cell phone in the work release facility. He said that he had forgotten that he had it but once he remembered, he let some other inmates make telephone calls.

[3] The State charged Bretzlaff with class A misdemeanor possession of a cellular phone while incarcerated. Following a bench trial, the trial court found him guilty as charged.

## Discussion and Decision

[4] To convict Bretzlaff of a class A misdemeanor for possession of a cellular phone while incarcerated, the State was required to prove beyond a reasonable doubt that he "knowingly or intentionally possesse[d] a cellular telephone or other wireless or cellular communications device while incarcerated in a penal facility." Ind. Code § 35-44.1-3-8. Bretzlaff argues that there is no evidence

other than his confession that supports his conviction and that the State failed to establish corpus delicti.

[5] Under the corpus delicti doctrine, "a crime may not be proven based solely on a confession." *Malinski v. State*, 794 N.E.2d 1071, 1086 (Ind. 2003). A confession may be introduced at trial only if the State produces corroborating or independent evidence of the corpus delicti. *Sweeney v. State*, 704 N.E.2d 86, 105 (Ind. 1998). "[T]his evidence need not prove that a crime was committed beyond a reasonable doubt, but merely provide an inference that a crime was committed." *Workman v. State*, 716 N.E.2d 445, 447-48 (Ind. 1999) (citation and quotation marks omitted). The totality of the independent evidence throughout the course of the trial determines whether such inference has been established. *Hawkins v. State*, 884 N.E.2d 939, 945 (Ind. Ct. App. 2008), *trans. denied*. "[T]he independent evidence supporting the corpus delicti need not preclude every possible explanation of the circumstances." *Stevens v. State*, 691 N.E.2d 412, 425 (Ind. 1997) (citation and quotation marks omitted), *cert. denied*.

[6] Here, independent evidence existed to support the admission of Bretzlaff's confession.[1] At trial, Officer Myers testified that State's Exhibit One was the Samsung cell phone and makeshift battery charger obtained from Bretzlaff. Tr. at 8. This testimony, to which Bretzlaff did not object, was independent evidence that allowed an inference to be established that Bretzlaff possessed the

---

[1] Consequently, Bretzlaff's reliance on *Moore v. State*, 497 N.E.2d 242 (Ind. Ct. App. 1986), is misplaced.

cell phone while incarcerated. The corpus delicti rule was therefore satisfied, and we affirm Bretzlaff's conviction.

[7]     Affirmed.

Friedlander, J., and Kirsch, J., concur.