OPINION ON REHEARING



FILED

Jun 05 2020, 10:16 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Scott H. Duerring
South Bend, Indiana

ATTORNEYS FOR APPELLEE

George P. Sherman
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Jesus Pedraza, Jr., *Appellant-Defendant,* | June 5, 2020 |
| | Court of Appeals Case No. 19A-CR-850 |
| v. | Appeal from the St. Joseph Superior Court |
| State of Indiana, *Appellee-Plaintiff.* | The Honorable Elizabeth C. Hurley, Judge |
| | Trial Court Cause No. 71D08-1709-MR-12 |

**Tavitas, Judge.**

## OPINION ON REHEARING

[1] Pedraza petitions for rehearing and challenges "material factual misstatements regarding Pedraza's involvement in the drug deal/robbery" and "material misstatements regarding the admissibility of Pedraza's statement." Pedraza's

Petition for Rehearing at pp. 4, 7. We grant Pedraza's petition for rehearing for the limited purpose of making a point of clarification. In all other respects, Pedraza's petition for rehearing is denied.

Pedraza first argues that our opinion contains factual misstatements. Our review of the record does not support Pedraza's argument. There is evidence in the record to support the factual statements at issue, and Pedraza's argument is merely a request to reweigh the evidence, which we cannot do. *Beasley v. State*, 46 N.E.3d 1232, 1235 (Ind. 2016).

Next, we write briefly to clarify our factual recitation regarding the circumstances of Pedraza's *Miranda* waiver. Although Pedraza's challenge to our factual recitation is not dispositive,[1] clarification is necessary with respect to our statement in paragraph 29 as follows:

---

[1] Pedraza maintains that his *Miranda* waiver was neither knowing nor voluntary because, despite Pedraza's multiple requests, Investigator Mullins did not tell Pedraza what charges were pending against him at the time of the custodial interrogation. We did not find, and Pedraza did not cite, any compelling support for his argument that Investigator Mullins was required to recite the specific charges against him. Nor did we find support for Pedraza's contention that Investigator Mullins' failure to recite the specific charges rendered Pedraza's *Miranda* waiver not knowing or involuntary.

In *Burgans v. State*, 500 N.E.2d 183, 185 (Ind. 1986), Burgans argued that his waiver and confession were not voluntarily and intelligently made because the police did not advise, before commencing custodial interrogation, that Burgans could face the death penalty. In finding a valid *Miranda* waiver, our Supreme Court reasoned:

> The legal standard to be applied to determine whether an accused has voluntarily waived his rights is whether, looking at all the circumstances, the confession was free and voluntary, and not induced by any violence, threats, promises or other improper influences.

> The record is devoid of any suggestion that police resorted to physical or psychological pressure to elicit the confession. Nor is there any question about appellant's comprehension of the full

The record reveals that, before Pedraza waived his *Miranda* rights, he asked why he was being interviewed, and Investigator Mullins replied: "It's got everything to do with Frederickson [Street]"; and "[w]e've got information that you were out there that night . . . ." *See* Tr. Exhibits Vol. p. 177, State's Ex. 129.

*Pedraza v. State*, No. 19A-CR-850, slip. op. at 13 (Ind. Ct. App. Mar. 30, 2020).

[4] Pedraza's time-stamped video statement proceeded as follows:

| | |
|---|---|
| 1:25[2]-1:51 | Investigator Mullins recites the *Miranda* advisement. |
| 1:52 | Pedraza indicates that he understands. |
| 2:05-2:19 | Investigator Mullins reads from the written *Miranda* waiver form. |
| 2:21 | Pedraza indicates that the recitals that Investigator Mullins read to Pedraza are true. |

---

panoply of rights set out in the *Miranda* warnings and of the potential consequences of a decision to relinquish them.

Appellant's decision not to rely on his rights was uncoerced, he at all times knew he could stand mute and request a lawyer. He was aware of the State's intention to use his statements to secure a conviction. We therefore find the waiver is valid as a matter of law. The trial court did not err by admitting appellant's confession.

*Burgans*, 500 N.E.2d at 185; s*ee Armour v. State*, 479 N.E.2d 1294 (Ind. 1985) ("*Miranda* does not require an accused be informed of the penal consequences or the specificity of charges."); *see also Douglas v. State*, 481 N.E.2d 107, 112 (Ind. 1985) (". . . [A]ny alleged deficiencies regarding this type of discrete information does not render a confession involuntary.").

[2] For reference, we denote, for each event, the corresponding minute and second mark in the eleven minute and forty-six seconds-long video interview. For instance, "1:25" refers to the "1 minute, 25 second" mark in the video interview.

2:41        Investigator Mullins gives Pedraza the written
            *Miranda* waiver form to sign.

2:43        Pedraza signs the *Miranda* waiver.

2:53        Investigator Mullins asks Pedraza why Pedraza
            believes he is in custody.

3:05        Investigator Mullins replies that the interrogation
            pertains to the Frederickson Street incident.
            (Mullins reiterates the same at 3:45).

3:53        Pedraza replies that his childhood friend, Bethel,
            died in the Frederickson Street incident.

[5]     Accordingly, we write to clarify that Investigator Mullins referred to

Frederickson Street approximately twenty seconds *after* Pedraza signed the

*Miranda* waiver.[3]  In all other respects, our memorandum decision is affirmed.

Najam, J. and Vaidik, J., concur.

---

[3] Paragraph 18 of our memorandum decision correctly recounts the sequence of events as they occurred during Pedraza's custodial interrogation.